CASE 70—PETITION EQUITY—MARCH 3.

# Butt v. Riffe.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. A covenant in a deed of general warranty is broken upon a recovery by a stranger of a permanent use of a part of the land as a private passway.

2. If a public road had run upon the land at the time the covenant was. made, there would have been no breach of the warranty.

WELCH & SAUFLEY FOR APPELLANT.

1. The recovery by Napier of a right of way over the land conveyed to appellant is a breach of the warranty contained in the deed. (Butt v. Napier, MS. Opin., May, 1878; Williams on Real Property, 375; Wash. on Real Prop., vol. 3, 396; Rawle on Cov., 203; 4 Kent, 559; Davis v. Logan, 5 B. Mon., 342; Bouv. Law Dic., 1st vol., Eviction; 1 Story's Eq., 187, 208; Wales v. Mattingly, 1 Bibb, 244; Hardwick v. Forbes, Ibid, 212; Ibid, 183; Bowman v. Bates, 2 Bibb, 52; 6. Mon., 149; 3 J. J. Mar., 708; Faris v. Lewis, 2 B. Mon., 376; 3 B. Mon., 635; 6 Bacon's Ab., 44; 5 Johnson's N. Y., 49; 1 Saunders,. 204; 1 Bouv. Inst., 656.)

HILL & ALCORN FOR APPELLEE.

1. There is no breach of the warranty of title.

2. Appellee had no knowledge of Napier's right of way when the deed was executed. (2 Greenleaf on Ev., 242; Wash. on Real Prop., 380,. 659, 664; Sneed's Rep., 38; 1 Met., 192; 4 Kent's Com., 471; 8 Bush,. 123; Bouv. Law Dic., title Eviction; Wash. on Easements, 254.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, P. C. Butt, on the 11th of August, 1875, purchased of the appellee, George W. Riffe, two contiguous tracts of land, in the county of Lincoln, for which he paid in hand $4,000, and executed four notes for $2,119. each.   A conveyance was made of the land, retaining a lien for the unpaid purchase money, and containing a covenant on the part of the appellee that he would give to the appellant ''free and full possession of the land on the first of January, 1876, and warranting the title unto the said Butt, the appellant, against the claims of all persons whatsoever.'''

Butt v. Riffe.

The appellant entered into the possession under this conveyance, and in a few months thereafter one J. R. Napier instituted an action in the Lincoln Circuit Court against the appellant, asserting a right of way over the lands conveyed by Riffe to appellant, and alleging that this right existed prior to the date of the conveyance by Riffe, and that, while appellant was vested with the fee, he, Napier, was entitled to this right of way as against all persons.   A trial of that action was had, resulting in a judgment for Napier to the effect that he was entitled to a passway, embracing a strip of land twenty-five feet in width and one half mile in length, midway through the land or one of the tracts conveyed by the appellee to the appellant.   After the termination of that action, the appellee instituted the present action on the lien-notes, asking a judgment *in personam*, and also a judgment to sell the land.   The appellant pleaded, by way of counter-claim, the damages he had sustained by reason of the recovery of the right of way by Napier, including a reasonable attorney's fee and costs in defending that action; alleging that the appellee had notice of the nature and character of the action in which the recovery was had.   A demurrer was sustained to the defense made, and an amended pleading filed by the appellant, in which it is alleged that at the time of the sale and conveyance by the appellee to him he was ignorant of any claim that Napier had to the passway, and that his vendor had concealed from him the existence of such a right.   A demurrer was sustained to the answer as amended, and a judgment having been rendered for the appellee, the case is here for revision.

It is maintained by counsel for the appellee that the existence of the right to a passway over the land sold appellant was a mere encumbrance, and not embraced by a covenant

of warranty as to title; that the appellant, having knowl-
edge of the fact that a passway over the land was used by
Napier, it was his duty to have demanded a covenant against
encumbrances, and, failing to do so, must abide the conse-
quences.    Whether the appellant had knowledge of the
existence of the passway cannot be made the subject of in-
quiry, as the question is alone to be considered upon the
statement contained in the counter-claim, the averments of
which, on the demurrer, must be regarded as true.    The va-
rious covenants recognized by the rule of the common law
for the protection of the grantee are not to be found in the
conveyance before us:  1. That the grantor is lawfully seized;
2.  That he has a good right to convey; 3.  That the land is
free from encumbrances; 4.  That the grantee shall quietly
enjoy; 5.  That the grantor will warrant and defend the title
against all lawful claims.    If such specific covenants are
necessary to a recovery in this case, the demurrer was prop-
erly sustained.    The principal covenant in this state for the
protection of the grantee is that warranting the title against
the claim or claims of all persons.    Under such a covenant,
where possession is not delivered, there may be a construct-
ive eviction by reason of a paramount title that prevents the
grantee from obtaining the possession, and where possession
is delivered under a conveyance containing a clause warrant-
ing the title against the claim of all persons whatsoever, its
meaning is that the grantee shall have, hold, and enjoy the
premises without any interruption or eviction by reason of
a better or superior title.    It is insisted that there has been
no actual eviction in this case, but the enjoyment of a mere
easement that in no manner affects the title.  .  There certainly
has been an interruption of the use and enjoyment of this
land by the appellant, on account of a claim inconsistent

with, if not hostile to, the title the grantor undertook to convey. His right to the possession and enjoyment of the land embraced by the right of way is subordinate to its use as a passway by Napier, and to that extent there has been a violation of the appellee's covenant. The fact that the grantee in this case may appropriate his land to such purposes as he may see proper, not inconsistent with the right on the part of Napier to pass over it, is no response to the claim for damages, as Napier's right to the use of the land is to that extent a depreciation of the free use and enjoyment of the premises by the appellant. A covenant of warranty in a deed embraces the covenant for quiet enjoyment, and also protects the grantee against encumbrances that affect the title, or that the grantee may be compelled to remove in order to the possession and enjoyment of the estate purchased. It contains all that is necessary to make the title secure to the grantee. (Rawle on Covenants for Title, pages 191, 192.)

In the case of Sprague v. Baker (17 Mass.) the words of the covenant are, "to warrant and defend against the lawful claims and demands of all persons." At the date of the grant to Hutchings, who was the original grantee, there was a mortgage on the land, and the mortgagee claimed the right to enter or the payment of his debt. The vendee of the land, to avoid a suit, paid off the mortgage, and the court held there could be no question as to the breach, and although a mortgagee may not maintain an ejectment under the law of this state, still he can subject the estate to the payment of the mortgaged debt due by the grantor, and thus deprive the grantee of title.

At common law the warranty extended to everything issuing out of the land, such as rents, &c.; and Woodward,

Justice, in the case of Wilson v. Cochran (10 Wright), asks. the question: "Why, upon principle, should not eviction, under a paramount right of way, be considered a breach of the warranty? The prior purchaser of the right of way is a person claiming under the grantor; the thing claimed is a. part of the estate conveyed, and the successful assertion of the right of way is a palpable breach of the covenant." It. is further argued by counsel for the appellee, that if the facts, pleaded constitute a breach, the appellee is also liable in his covenant for that part of the land embraced by the public highway that constitutes a part of one of the tracts. We think not; no more than if the Commonwealth had entered upon the land, after the purchase by the appellant, and condemned a part of the tract for a public road. Such covenants have never been held to embrace an entry by the state in the exercise of the right of eminent domain. It is no eviction for which the grantor can be made liable when the land is taken for public use; and the purchaser, when a public highway is on the land at the date of his purchase, must be held to know of its existence, and to have made his. bargain with a knowledge of the inconvenience resulting from it. The purchaser in this case has been disturbed in the enjoyment of the estate purchased by a rightful entry upon the land by one entitled to its permanent use as a passway; and, in our opinion, it constitutes a breach of the covenant for which the appellee must answer in damages.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the counter-claim, and for further proceedings not inconsistent with this opinion.