F. M. WARE *v.* SOCRATES OWENS.

[Abstract Kentucky Law Reporter, Vol. 7—302, 308.]

**Right to Recover Under Covenants of Warranty.**

Where one has received conveyance of land with covenants of warranty, he has a cause of action against his grantor when a stranger successfully asserts a right of way over the land, for such assertion amounts to a breach of warranty.

APPEAL FROM LINCOLN CIRCUIT COURT.

October 15, 1885.

OPINION BY JUDGE LEWIS:

Appellee brought his action to recover the balance of the purchase-price of four lots of land, described in the report of the comsioners appointed to divide the land of S. Owens, deceased, among his heirs as lots No. 1, 2, 3, 4 and 5, which he sold and conveyed to appellant.

In his answer made a counterclaim, a general demurrer to which was sustained, appellant says in the division the commissioners reserved and gave to the owners of lots No. 4 and 10 a road to be kept open, of sufficient width to pass and repass along the lower line next to them; that lots No. 1, 2 and 3 lie adjacent to the dower land, and the road mentioned runs one-half its width on the land he purchased of the appellee to the turnpike road, a distance of near a mile. He further says that the owners of lots No. 4 and 10 assert and claim a right to use the road and have exercised acts of ownership over and used it by reason of which the value of the land purchased by him of appellee has been impaired, and he therefore asks judgment on his counterclaim.

It being alleged in the answer that appellee agreed to warrant and defend the title of the land conveyed against all claims, there can be no question but a cause of action is stated, provided the road

mentioned, the use of which was reserved to the owners of lots No. 4 and 10, does in fact pass over any other lots purchased by appellee. Whatever doubt may have previously existed on the subject has been removed by the case of *Butt v. Riffe,* 78 Ky. 352, when it was held by this court that a successful assertion by a stranger of a right of way over land, the title and full use and enjoyment of which has been conveyed to the grantor, amounts to a breach of the covenant of warranty.

From the report of the commissioners it appears that lot No. 1 in the division lies on a turnpike road and between the road and lots No. 2, 3, 4 and 10, and all of them except lot No. 10 adjoin the dower lot which also parts on the turnpike. The language used in the commissioner's report in regard to the road or passway is as follows: "Lots No. 2, 3 and 4, and part of lot No. 10 are to have a road kept open of sufficient width to pass and repass along the dower line next them, which runs N. 32 E. The part of lot No. 10 is to have a passway along lot No. 4 to said road or passway next to the widow's dower."

In the division lot No. 1 was given to appellee, but he subsequently acquired by purchase lots No. 2 and 3 lying back of it adjacent to the dower land, and No. 5 which lies on the opposite side of the turnpike and is not affected by this controversy. So appellant in his answer charges that one-half the width of the road or passway is upon the three lots, No. 1, 2 and 3, purchased by him of appellee. The question arises whether by a proper construction of the report of the commissioners the road or passway from lots No. 4 and 10 was established wholly on the dower land or partly on it and partly on the lots appellant purchased. The dower line is, in fact, the division line between the land allotted to the widow and its adjacent lots, No. 1, 2, 3 and 4. A road along the dower line, or, what is the same thing, along the division line, must according to a fair and just interpretation of the language used mean a road or passway one-half of which is on the land of each of these adjoining proprietors. To place it wholly on the dower land would be as unjust to the widow as to place it wholly on the adjacent lots would be unjust to the heirs to whom they were allotted, as there is nothing in the report of the commissioners to show that they considered the encumbrance as wholly upon the

dower land and fixed its value accordingly. In justice it should be equally divided.

In our opinion the facts stated by the defendant to the action are sufficient to constitute a counterclaim, and the judgment sustaining the demurrer must be reversed and cause remanded for further proceedings consistent with this opinion.

Judgment *reversed*.

*Welch & Saufley, for appellant.*

*Hill & Alcorn, for appellee.*