## F. RALEY, TRUSTEE, *v.* W..W. WATHEN.

[Abstract Kentucky Law Reporter, Vol. 7—766.]

**Specific Performance of Contract.**

Where one has agreed to convey real estate upon its being paid for, he can not be compelled to convey until payment is made; but where the grantee has received a conveyance, but owing to the fact that the exact number of acres has not been ascertained, and the sale is for $40 per acre, and upon survey being made many years thereafter there is found to be several acres more than he has paid for, he can not resist paying for the additional acres on account of the delay in making the survey, but equity will require that he pay for such acres in case under the original purchase he agreed to do so if excess is found.

APPEAL FROM MARION CIRCUIT COURT.

April 3, 1886.

OPINION BY JUDGE HOLT:

J. R. Thomas on January 2, 1871, conveyed to C. Cissell two hundred eighty-nine acres of land at $40 per acre. Six thousand dollars of the purchase-money were paid down, and for the balance five notes, equal in amount and payable in one, two, three, four and five years, were given. The parties were not satisfied that the

quantity of land named in the deed was the correct number of acres within the boundary embraced by the deed. Hence they inserted in it this provision: "The parties of the first part are responsible to the party of the second part for the right and title to the whole amount, two hundred ninety acres, less the acre belonging to the M. E. church; and if upon a future survey, which the parties of the first part (Thomas and wife) obligate themselves to make, there should be less land than two hundred ninety acres the parties of the first part shall deduct from the price of the purchase-money at the rate of $40 per acre; and should there be more than two hundred ninety acres the party of the second part shall pay for said excess of land at the rate of $40 per acre."

Cissell took possession of the land at the time of his purchase and held it until October 9, 1883, when he made a deed of assignment for the benefit of his creditors to the appellant, Raley; and the latter on November 14, 1883, conveyed the tract, as containing two hundred ninety-eight acres, and for $40 per acre, to one Offutt. This action was brought by the assignee to settle the trust. By a survey of the land made under an order of the court it appeared that there were two hundred ninety-seven and eleven and fifty-two hundredths poles acres. On November 30, 1883, the appellee, Wathen, to whom Thomas had on November 13, 1883, assigned this claim for the excess of land over two hundred eighty-nine acres, asserted it; and as the sale to Offutt was at the same price per acre as to Cissell, this appeal involves the question whether the proceeds now held by the assignee of the first named sale for the excess of over two hundred eighty-nine acres shall be retained by him, or whether the appellee is entitled to it.

It is urged by the appellant's counsel, as Cissell executed no other written obligation for the price of the excess of land, that the claims of the appellee, Wathen, are based only upon an implied assumpsit, arising from the acceptance of the deed of Thomas to Cissell, and that its collection by suit is barred by time. This question can not be considered as the statute of limitations is not pleaded. It is an admitted fact that Thomas is insolvent. The deed from him stipulated that he should have a survey made to ascertain whether there was an excess or deficit in the quantity of land. His vendee held the land for nearly thirteen years after the purchase without any claim being asserted for the price of any

excess of land, and without any step being taken looking to a survey of it. It is contended that under such a state of case the rules of equity require a rejection of the claim; that the neglect and laches of Thomas have not only rendered it stale, but that the mutuality of obligation between him and Cissell had been thereby lost, as the former is now insolvent.

It appears, however, that the latter has not yet paid all the purchase-money for the two hundred eighty-nine acres. It is true that the note for the unpaid portion is in the hands of a bona fide purchaser, but yet its payment could not be enforced in full if it were shown that there was a deficit of land. Moreover the deed to Cissell stipulated as to a future survey which was to govern the price to be paid for the land, and any purchaser of a note for the purchase-money took it with notice that the purchaser of the land might be entitled to a reduction pro tanto of the purchase-money. Hence it can not be said that by the lapse of time or change in the condition of the parties the right of either has been lost, or the mutuality of obligation been destroyed.

It is said, however, that the appellee, Wathen, as the assignee of Thomas, is seeking a specific enforcement of the contract, and that the failure of the latter to make the survey or even offer to do so and the long delay in asserting the claim forbid it. It is true that one seeking the specific execution of a contract must show that he has taken all proper steps toward performance on his part and that he is in a condition to perform the contract upon his part. If A buys land of B, and the latter is made a deed to it after the payment by A of one-half of the purchase-money, of course the latter can not compel B to convey until he has first made the payment. But this rule does not apply in a case like this, where the party resisting the execution of the contract has in fact received the property. It is simply saying, "It is true. I have received the property for which I have promised to pay you in the event I got it, but I am entitled to retain it without paying for it because you delayed taking steps to ascertain that I had gotten it." Equity will not thus permit a party to get something for nothing. It was discretionary with the court to allow interest or not upon the claim; and upon this question the lower court could well take into consideration the delay in asserting it.

Judgment *affirmed* upon both the original and cross-appeal.

*Hill & Rives, for appellant.*
*Thompson & McChord, for appellee.*
[Cited, *Holt v. Mynthier, Admx.,* 29 Ky. L. 820, 96 S. W. 477.]