CASE 89.—ACTION BY CARTER HELTON AND ANOTHER
AGAINST A. J. ASHER.—December 7, 1909.

# Helton, &c. v. Asher

Appeal from Bell Circuit Court.

M. J. Moss, Circuit Judge.

Judgment for defendant, plaintiffs appeal.—Reversed.

1. Covenants — Covenants Against Incumbrances — Breach —
   Measure of Damages.—The measure of damages for breach
   of covenant against incumbrances by the existence of an ease-
   ment on the land is the diminution in the value of the premis-
   es thereby, and, where it has been extinguished, the measure
   of damages is the injury sustained between the date of the
   deed and the extinguishment, together with the expenses of
   such extinguishment.
2. Evidence—Admissibility—Damages—Opinions.—In an action
   for breach of a covenant against incumbrances by the exist-
   ence of an easement on the land, witnesses testifying to the
   damages must state the difference in value of the premises
   with and without the easement, and should not be permitted
   to state that the property is damaged in a certain sum.
3  Covenants—Warranty—Breach—Damages.—Where the pur-
   chaser has lost the entire property conveyed, the vendor is
   liable on his warranty, in addition to the cost for the con-
   sideration paid him with interest, but, where only part of the
   property conveyed has been lost. he is liable. in addition to
   the cost only for such proportionate part of the consideration
   paid him as the part lost bears to the whole property.
4  Covenants—Warranty—Breach—Damages.—A purchaser, who
   resisted an action by a third person to establish a tramroad
   through the land, resulting in a decree establishing the same
   at a point where it damaged the land much less than it
   would be damaged by the location demanded by the third per-
   son, can recover, on the vendor's covenant against incum-
   brances, the legal cost of the action including a reasonable
   attorney's fee, though the vendor told the purchaser not to
   contest the action.

5. Covenants—Knowledge of Defects.—That either or both of the parties knew at the time of the conveyance that the grantor had no title in part or in whole does not affect the right to recover for breach of a covenant and knowledge by the purchaser of the existence of an incumbrance on the land does not prevent him from recovering damages. where he protects himself by proper convenants in the deed.

6. Evidence—Parol Evidence—Varying Covenants in Deeds.— Parol evidence is not admissible to vary a covenant in a deed, but it is admissible to show fraud or mutual mistake, or explain a patent ambiguity.

7. Covenants—Breach.—The rule that a covenant against incumbrances does not embrace an entry by the state in exercise of the right of eminent domain, and that a purchaser must be held to know of the existence of a public highway on the land at the date of the purchase and to have made his bargain with the knowledge of the inconvenience resulting from it. does not apply to a private passway over the land, and that the purchaser knew thereof when he purchased does not prevent him from recovering damages, where he protects himself by covenant against incumbrances.

A. G. PATTERSON and N. R. PATTERSON for appellants.

N. J. WELLER for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On February 2, 1902, A. J. Asher conveyed by deed of general warranty to Carlo Helton a tract of eight acres of land lying in Bell county. On April 26, 1906, Carlo Helton conveyed the land by deed of general warranty to Carter and Farmer Helton, who built upon it a storehouse, residence, and other buildings. Previous to the sale to Carlo Helton, Asher had granted to Taylor and Crate a right of way over the eight acres for a tramroad to get out logs to market. After the purchase of the land by Carter and Farmer Helton, and after they had settled upon it, Taylor and Crate proposed to run the tramroad across it. This they resisted. Thereupon Taylor and Crate brought

a suit against them, and obtained in the circuit court an injunction restraining them from interfering with the construction of the tramroad over the route proposed by them.   The Heltons notified Asher of the suit when it was brought, and, when the injunction was obtained, they brought the case before a judge of this court on a motion to dissolve the injunction.   On the hearing of that motion, it was determined that the tramroad should not be built on the route selected by Taylor and Crate, but on another route at a part of the premises, where it would be less injurious to them.

On the return of the case to the circuit court, a final judgment was entered as indicated by the judge of this court.   Thereupon the Heltons brought this suit against Asher on the covenant of warranty to recover damages for the taking of the easement over the land by Taylor and Crate, and for their cost in the injunction suit.   Asher filed an answer to the petition, in which he denied the plaintiff's allegations as to the damages sustained, and pleaded in another paragraph that, when he sold the land to Carter Helton, he informed him of the easement which had been granted to Taylor and Crate, and Carter Helton agreed to take the land subject to the easement.   He also alleged that Carter and Farmer Helton when they purchased from Carlo Helton had like notice. The court sustained a demurrer to this paragraph of the answer.   The case coming on for trial before a jury, Asher testified that, when the suit was brought by Taylor and Crate, the Heltons came to him about it, and he told them that there was no use in defending the suit, that Taylor and Crate were bound to win it, and that they should just let the judgment go, that they answered that they were going to fight the suit

to the bitter end, as they had a good man behind them. At the conclusion of the evidence, the court allowed Asher to file an amended answer to conform to this proof, in which he pleaded these facts in bar of any recovery of the cost incurred in the former action.

The court then gave the jury these instructions:

"No. 1. The jury will find for the plaintiffs the difference, if any, as shown by the evidence, between the market value of the eight acres of ground mentioned in the evidence before the time of the laying of the tramroad thereon by Taylor and Crate and the market value of said land after the laying of said tramroad, not to exceed the sum of $300.

"No. 2. If the jury believe from the evidence that the plaintiffs or either of them expended money in resisting the claim and right of Taylor and Crate to lay said tramroad over said land and using same asserted by said Taylor and Crate in the Bell circuit court and elsewhere in the courts, and further believe from the evidence that it was necessary on the part of the plaintiffs to expend said money for said purpose, and further believe from the evidence that the amount so expended by said plaintiffs in resisting the claim of said Taylor and Crate was reasonable, then the jury will find for the plaintiffs the reasonable amount so expended by them not to exceed the sum of $300, unless the jury further believe from the evidence that the defendant Asher, before said sum of money was expended by plaintiffs, if any, requested said plaintiffs or either of them not to expend said money in the defense of said claim, and offered to pay the plaintiffs or either of them the damage they would sustain by the laying of the said tramroad over the said land and using same in which event they will find for the defendant on this account."

The jury found a verdict for the defendant, and, the court having entered a judgment dismissing the plaintiffs' petition, they appeal.

The first instruction is not strictly accurate. The rule on the subject is thus stated in 11 Cyc. 1166: "The diminution in the value of the premises resulting from the existence of an easement thereon is as a rule the measure of damages in an action for the breach of the covenant against incumbrances. Where the easement has been extinguished, the measure of damages is the injury sustained between the date of the deed and the removal of the incumbrance, together with the expenses incident to such removal." The witnesses testifying as to the amount of damages should be required to state what the difference in value of the premises is with and without the easement as established by the court considering the time for which it exists, and they should not be allowed to state generally that the property is damaged in a certain sum by reason of the easement. It is manifest from the proof that the easement as established does depreciate the value of the property at least to some extent. The verdict for the defendant as to this is palpably against the evidence. Where the vendee has lost the entire property conveyed, the vendor is liable on his warranty in addition to the cost for the consideration paid him with interest, but, where only part of the property conveyed has been lost, he is liable in addition to the cost only for such proportionate part of the consideration paid him as the part lost bears to the entire property. Cox v. Strode, 2 Bibb, 275, 5 Am. Dec. 603; Hunt v. Orwig, 17 B. Mon. 85, 66 Am. Dec. 144; Robertson v. Lemon, 2 Bush, 304. On another trial the court will so modify instructions as to express this.

The second instruction should not have been given. If the Heltons had not defended the suit, the tramroad would have been constructed across the property in such a way as to seriously damage them. By resisting the action they secured its establishment at a point where it damages the premises very much less. The damages which they may recover on account of the taking of the land for the tramroad must be measured by the location as it was in fact made by the court, and this was the result of their defending the suit, and bringing the matter before a judge of this court for decision. Asher gets the benefit of their exertions in the decreased damages which he must pay on account of the injury to the property; and the fact that they succeeded in materially modifying the injunction and in defeating the location claimed by Taylor and Crate is conclusive that their resistance was both reasonable and necessary. On the facts shown, the court under the evidence should have told the jury to find for the plaintiffs their legal cost incurred in that action as taxed by the clerk, including a reasonable attorney's fee to their attorney. The fact that Asher told them not to defend the suit and to let the tramroad go through, in no way affects their right to recover against him their cost in the action. They had a right to protect themselves as well as they could from Taylor and Crate, and then to look to Asher for redress on his warranty. We do not mean to say that they could make a capricious defense at his expense, but they had the right to use all reasonable means for their protection, and the result of the case shows that what they did was reasonable. If Asher had wished to stop the litigation and protect himself, he should have tendered to the Heltons the amount of damages he was willing to pay. They

could then have known with some intelligence what course to pursue.

The court did not err in sustaining the demurrer to so much of Asher's answer as pleaded that Carlo Helton bought the land with notice of the easement theretofore granted to Taylor and Crate. The writing is the best evidence of the contract between the parties in the absence of fraud or mistake. The rule is thus stated in 11 Cyc. 1066: "The fact that either or both of the parties knew at the time of conveyance that the grantor had no title in a part or in the whole of the land does not affect the right of recovery for a breach of covenant. Knowledge on the part of the purchaser of the existence of an incumbrance on the land will not prevent him from recovering damages on account of it, where he protects himself by proper covenants in his deed. In some jurisdictions, however, it is held that where the incumbrance does not affect the title, but only the physical condition of the property, as in the case of an open notorious easement, of which it is the servient tenement, the purchaser must be presumed to have seen it, and to have fixed his price with reference to the actual condition of the land at the time, and that such incumbrance is no breach of the covenant; and the same is true of easements and servitudes imposed by law."

Again, on page 1155, it is said: "Parol or extrinsic evidence is not admissible to contradict, vary, or materially affect a covenant, although it may be received to show fraud or mutual mistake in the original execution of the instrument, or to explain a patent ambiguity." In Bird v. Bank of Williamstown, 13 S. W. 430, 11 Ky. Law Rep. 868, the railroad ran across the land at the time of the purchase, and the company

had possession of its right of way.    In Butt v. Riffe, 78 Ky. 354, the county highway ran over the land at the time of the purchase and the public had possession of it.    These cases fall within the exception referred to in the authorities quoted.    In Butt v. Riffe the court said: "Such covenants have never been held to embrace an entry by the state in the exercise of the right to eminent domain.    It is no eviction for which the grantor can be made liable when the land is taken for public use; and the purchaser, when a public highway is on the land at the date of his purchase, must be held to know of its existence, and to have made his bargain with a knowledge of the inconvenience resulting from it."    But it was further there held that as to a private passway the rule was different. Sanders v. Rowe, 48 S. W. 1083, 20 Ky. Law Rep. 1082, rests upon the ground of fraud or mistake.

Judgment reversed, and cause remanded for a new trial.