### Holliday, et al. v. Cornett.

(Decided December 18, 1917.)

Appeal from Knott Circuit Court.

Appeal and Error—Finality of Order.—An order overruling a motion to re-docket a cause that, by oversight or mistake of the clerk, had not been placed on the docket and had been apparently abandoned, is not a final order and is not appealable.

D. G. BOLEYN for appellants.

J. M. BAKER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Dismissing appeal.

Pursuant to notice executed July 31, 1916, on appellee, Joseph E. Cornett, who was defendant below, the appellants, Green Holliday and wife, on August 2, 1916, entered a motion in the Knott circuit court, which is as follows: "Come now the plaintiffs, by counsel, and move the court to redocket this cause, because same was left off the docket by oversight or mistake of the clerk of this court." In support of this motion, plaintiffs filed the following affidavit:

"The affiant, Green Holliday, says that he and his wife filed a suit in this court to quiet their title to a certain tract of land situated in this, Knott county, and that the suit was pending on the docket for quite a while and at time unknown to this affiant the papers disappeared, and have never been found to his knowledge. He says that, that suit has never been disposed of nor any judgment rendered by a court of competent jurisdiction."

Plaintiffs also filed a statement of J. M. Baker that, to the best of his recollection, several years ago there was a suit pending in the Knott circuit court, Green Holliday and wife v. Joseph E. Cornett. At the November, 1916, term of the court, the following order was entered:

"This cause having been submitted on motion of plaintiff to redocket this cause, and the court advised overrules said motion, to which plaintiff excepts and prays an appeal to the Court of Appeals, which is granted."

This is the entire record in this case, except copies of the schedule and notice served upon the defendant, and the clerk's certificate.

We are informed by counsel for appellants, in brief, that this action was filed in 1894 by appellants against the defendant to quiet their tite to a tract of land; that, after the suit had been pending for some time, the papers were lost and the cause was referred to a commissioner to supply the lost papers, which order is the last and only order found in the record; and that the case was left off the docket without any order disposing of it.

The only question involved is, whether or not the order of the court, overruling the motion to redocket, is a final order; for, if it is not a final order, it is not appealable. Hartford Fire Insurance Co. v. McDonald, 177 Ky. 838. Manifestly, it is not a final order, because no rights of any kind are determined thereby, except that plaintiffs failed to show any reason or necessity for again placing the case on the docket after it had apparently been abandoned for over twenty years. This order, in no way, interferes with the right of the court hereafter to permit plaintiffs or defendant to redocket the case and to take any steps in the action which are proper, if any such exist.

Counsel for plaintiffs has not indicated what, if anything, he desired to do in the case other than to have it redocketed; and the court did not, under such circumstances, abuse a sound discretion in overruling the motion, and, therefore, even if the order were a final order, we would not feel authorized to disturb it. Both the affidavit filed by plaintiffs and the record conclusively show that the case has never been disposed of by any order of the court, and until that is done no appeal can be prosecuted.

In the recent case of Hartford Fire Insurance Co. v. McDonald, *supra*, and again in Kentucky Heating Co. v. Z. T. Underwood, etc., this day decided, this court had

under consideration, and discussed quite fully, the question of what is a final order, from which an appeal may be prosecuted; and numerous definitions of a final order are therein set out, under no one of which can the order appealed from here be considered a final order.

Wherefore, the appeal is dismissed.