## Clarke v. Fishback, et al.

(Decided May 20, 1924.)

### Appeal from Shelby Circuit Court.

1. Vendor and Purchaser—Purchaser, Having Resold Land, in no Position to Complain of Fact that it was Incumbered.—Purchaser of land, notwithstanding terms of agreement requiring that title be clear, held not entitled, in suit by seller for specific performance to complain of a mortgage on land, where he accepted land, treated it as his own, and sold it to others, it appearing that mortgage covered also other lands amply securing it, purchasers of which assumed its payment.

2. Estoppel—Need Not be Pleaded in Terms.—Estoppel need not be pleaded in terms; it being sufficient to plead facts constituting an estoppel.

3. Specific Performance—Duty to Clear Title Held no Defense in Action for Specific Performance of Contract to Purchase.—Though plaintiff vendor was under duty to clear title for subsequent grantee, where latter's substitution for original grantee was conditioned on his payment of certain amount in cash, it was necessary for original grantee in defense of a suit for specific performance by vendor to show either performance or a tender of performance by subsequent grantee.

4. Vendor and Purchaser—Grantee Held Liable to Subsequent Grantee for Payment Made.—In suit by vendor for specific performance of contract against grantee and subsequent grantee, subsequent grantee was entitled to recover as against original grantee an installment of money paid, where latter did not tender performance of his contract to convey; vendor prevailing in suit, since such subsequent grantee had received nothing for money paid.

PICKETT, BARRICKMAN & KALTENBACHER and L. R. CURTIS for appellant.

BECKHAM & GILBERT, R. F. MATTHEWS and WILLIS, TODD & WILLIS for appellees.

Opinion of the Court by Judge Clay—Affirming.

George Fishback purchased from John P. Lapsley a farm in Shelby county, and placed thereon a mortgage for $12,000.00 in favor of the Northwestern Mutual Life Insurance Company. He then sold about 195 acres to one Byron Flood, who, in addition to other considerations, assumed the payment of the $12,000.00 mortgage. On January 15, 1919, he entered into a written contract, by the terms of which he sold to D. C. Clarke $40^{74}/_{100}$ acres for the sum of $8,274.29, payable partly in cash and partly on time, and agreed to convey the property in fee simple by good and sufficient deed of general warranty, free from all liens and encumbrances, on or before March 1, 1910. On March 3, 1919, Fishback tendered to Clarke a deed which Clarke refused to accept because the mortgage had not been released. At the same time Clarke agreed that he would give Fishback until the next interest date on the mortgage to clear the title. In June, Clarke sold $10^{74}/_{100}$ acres of the land to M. T. Wakefield and others, and Fishback, at the request of Clarke, conveyed that tract to the purchasers. In the same month Clarke sold the remaining 30 acres of land to T. L. Webster and requested Fishback to make the deed to Webster. Of the purchase price Webster agreed to pay $2,500.00 in cash. Of this sum $1,000.00 was paid, and he agreed to pay the remaining $1,500.00 on or before six months after date, or when the title was cleared. At the same time Fishback executed a deed to Webster which was placed in escrow, and was to be delivered when the title was clear and the $1,500.00 was paid. Webster took possession of the land, but made no further effort to comply with his contract of sale. However, on August 14, 1920, Webster entered into a written contract with one Harry Flood, by which he sold the land to the latter. Soon thereafter the land began to decline in value, and the various purchasers seemed to have lost interest in the transaction.

On April 9, 1921, Fishback brought this suit against Clarke, Webster and Flood for specific performance. All three defended and Webster and Flood filed answers and cross-petitions against Clarke seeking a recovery of the money paid by them. Before judgment the $12,000.00 mortgage was released. On final hearing Fishback was granted the relief prayed for, and Webster was given judgment against Clarke for $1,000.00 with interest from

August 1, 1919. At the same time Flood was given judgment against Webster for the sum of $600.00 with interest from May 4, 1921. Clarke has prosecuted an appeal against both Fishback and Webster.

If Clarke had refused to carry out his contract of purchase on the ground that Fishback failed to convey the property free from all liens and encumbrances on or before March 1, 1919, or on or before the next payment of interest was due on the mortgage, a different case would be presented. As a matter of fact, however, he did not stand on his rights under either the original contract or the subsequent agreement, but actually sold and had conveyed $10^{74}/_{100}$ acres of the land to M. T. Wakefield and others, and subsequently sold the remaining 30 acres to T. L. Webster. In other words, he accepted the land, treated it as his own and sold it to others, and is not in a position to complain of the fact that the $12,000.00 mortgage, which was amply secured by the 195 acres conveyed to Byron Flood, and the payment of which was assumed by Flood, was not promptly released. Nor is there any merit in the contention that estoppel was not pleaded. While not pleaded in terms, the facts pleaded were sufficient to constitute an estoppel.

It was Clarke's contention that Fishback agreed to release him and accept Webster in his place. Fishback claims that Clarke was not to be released until Webster paid $2,500.00 in cash. On this issue the evidence was conflicting, and we see no reason to disturb the chancellor's finding in favor of Fishback.

But it is insisted that Fishback was under the duty to clear the title for Webster, and not having done so, cannot collect from Clarke. As before stated, Webster's substitution for Clarke was conditioned on Webster's paying $2,500.00 in cash. Therefore, it was necessary for Clarke to show either performance or a tender of performance by Webster, and none having been shown, the result is that Clarke remains bound on the original contract, and the chancellor did not err in so holding.

As between Clarke and Webster, the facts are these: Clarke sold the land to Webster and received the $1,000.00 cash payment. Notwithstanding the fact that the mortgage lien had been released; and Fishback has in this action tendered Clarke a deed conveying a clear title to the property, Clarke has neither performed, nor tendered a performance of, his contract with Webster, and so

far as the record shows, does not intend to do so. The result is that Webster had received nothing for his $1,-000.00, and there can be no doubt of his right to recover that sum from Clarke.

Judgment affirmed.