## Eaton et al. v. Trautwein et al.

Oct. 10, 1941.

98

James Boswell Young for appellants.

Eugene J. Steuerle for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

Appellants, plaintiffs below, on October 3, 1938, proposed to sell to defendants a lot and improvements in Louisville, described as lot No. 2134, 25 x 140 feet, for $5,300, part cash, and the assumption of a loan. They were to convey unencumbered title by general warranty deed, with exception as to some taxes. The contract included certain fixtures and equipment used in the con-

duct of a grocery. Possession was to be given "ten days after date of deed."

Plaintiffs in petition, filed in March 1939, alleged acceptance of the contract and that following its execution defendants took possession and occupied the premises for three weeks, when they vacated without notice or cause, though plaintiffs were able and ready to perform the contract.

It is further alleged that the property had been for a long time used as a grocery store; that by reason of the abandonment the business of the store had been destroyed, and thus the value of the property damaged to the extent of $1,000; that the store had remained vacant for four months, and since it had earned on an average of $200 per month, plaintiffs had suffered a loss of $800. Other items increased the total alleged damage to about $1,840.

On motion of defendants the court struck from the petition such allegations as related to the loss of good will and trade, lost profits and minor expenditures. Plaintiffs filed amended petition, reiterating former allegations, and plead that because of the acts set forth "in addition to the damages therein alleged, they have been further damaged in the sum of $2,000, the difference between the contract price and the fair market value" of the property immediately after abandonment, and refusal to carry out the contract.

The court overruled demurrer to the amended petition and defendants answered, the first paragraph being by way of denial. In a second paragraph they say that a survey of the lot showed that it extended over the sidewalks of the city on the east, hence plaintiffs could not as a matter of law, convey to them the property embraced in the contract, and that no deed had been tendered. Plaintiffs replying admitted that the lot encroached upon the sidewalk, but that they did not know of the fact until their attention was called to it, when defendants gave them a reasonable time in which to straighten this matter up, and within a short time this defect was cured.

The court overruled demurrer to this reply, and defendants rejoined, denying its allegations, whereupon defendants filed an amended answer charging that defendants with the consent of the plaintiffs "and to ful-

fill their contract," applied for a loan on the property shortly after the contract was accepted; that they were notified that the loan would not be made because of the alleged encumbrances. They then notified plaintiffs of the encumbrances, and since plaintiffs could not convey good title, they gave them possession of the property.

In this pleading they say that in a deed conveying the lot to their grantors, there was excepted a passway across the rear of the lot, 10 feet in width, reserved for the use of plaintiff's grantors, and that because of this defect plaintiffs could not convey good title.

Affirmative reply to amended answer admitted that the southern 10 feet of the lot, which gave access to a barn and garage, was subject to the rights of use by others, but that defendants had "both actual and constructive knowledge of said easement," and of their own accord, with said knowledge, requested plaintiffs to vacate, and they moved in on November 25, 1938; took and held possession until December 14, when they moved out giving as their reason that the operation of a grocery store was too difficult for Mrs. Trautwein; that this complaint was an afterthought.

The court sustained demurrer to the second paragraph; plaintiffs declining to plead further the court dismissed their petition, and on appeal it is argued by appellant that the court erred in striking from the petition allegations in respect of loss of possible profits, and in sustaining the demurrer to the second paragraph of the reply.

The court correctly struck the allegations in respect of potential profits, loss of good will and minor charges. The suit here was for damages for failure to carry out a contract for the purchase of real estate. The measure of damages on such a contract, as between parties, is as stated in plaintiff's pleading; the difference between the contract price and the fair value on the date of the breach. Harmon v. Thompson, 119, Ky. 528, 84 S. W. 569.

There is no pleading manifesting a sale of business, nor is it intimated that such sale was in the contemplation of the parties. Most of the damages, as were claimed in the stricken portion of the pleading, were conjectural or speculative, and incapable of accurate ascer-

tainment. Hines, Director Gen., v. Denny, 190 Ky. 416, 227 S.W. 567. In seeking to recover for loss of profits, one sought to be charged must have had notice, either from the nature of the contract or by some explanation of the circumstances at the time that such probable damages would ensue from a breach. Union Cotton Co. v. Bondurant, 188 Ky. 319, 222 S. W. 66.

Counsel for appellee takes the possition that the existence of a private passway is a breach of covenant, and that grantees' knowledge does not protect the grantor. As a general proposition there can be little ground for argument, as is evidenced by many texts, and the cases relied on by appellee, Patterson v. Jones 235 Ky. 838, 32 S. W. (2d) 408; Helton v. Asher, 135 Ky. 751, 123 S. W. 285. In these cases and in texts cited, 15 C. J. 1276, 1286; 21 C. J. S. Covenants, Secs. 101, 110, the principle is laid down that the existence of a private right of way over demised premises at the time of conveyance is a breach of covenant against encumbrances, and further that knowledge of the existence does not protect the grantor. The text in 15 C. J. cities Vonderhite v. Walton, 7 Ky. Law Rep. 766; Butt v. Riffe, 78 Ky. 352; Helton v. Asher, supra. In the Butt v. Riffe case, or in others cited, there was no discussion by the court on the one point in this case—whether or not one taking possession of property and exercising rights of ownership waives defect in title where there is a known encumbrance.

There is, in so far as we have observed, no case in our jurisdiction in which the question has been sharply presented. There are many cases cited by both parties, supported by applicable texts, holding that once title has passed, an action lies on the part of the grantee for a breach of warranty, and further that knowledge on his part of the encumbrance, prior to taking of the deed, is no defense to the covenants expressed in the deed. Helton, etc., v. Asher, 135 Ky. 751, 123 S. W. 258; Sanders v. Rowe, Ky., 48 S. W. 1083; Bird v. Bank of Williamstown, 11 Ky. Law Rep. 868, 13 S. W. 430; Butt v. Riffe, supra, are exemplary. Here, however, while possession had been taken, no deed had been tendered. In fact grantees make it clear by their pleading that because of the encumbrances grantors were powerless to convey legal title. There was no time fixed in the contract here for delivery of deed, in which it provided

that possession was to be given ten days after delivery of the deed.

In the case of Patterson v. Jones, 235 Ky. 838, 32 S. W. (2d) 408, we went at length in pointing out the distinction between the effect of a public passway and a private passway, and the distinction between encumbrances which affect only the title, and such as affect the physical condition of the property. There we had a suit where a seller had recovered judgment for damages sustained by refusal of a purchaser to comply with a contract of sale of real estate. The defense was that a railroad right of way was extended over the land which materially impaired its value, it also being contended that vendor had told vendee that the road had been abandoned, and the tracks would be removed. We pointed out that there was a conflict in authorities in other jurisdictions as to whether or not a public highway, or railroad right of way constituted an encumbrance, and we concluded following our decisions that such easements did not constitute a breach of warranty, "although such a covenant embraces all the common-law covenants." Our reasoning and conclusion was that, "This is on the theory that such incumbrances are open, visible, and notorious, and the parties are supposed to have contracted with reference to them." Quoting from Memmert v. McKeen, 112 Pa. 315, 4 A. 542, we said

"* * * where the owner had covenanted to convey certain lots free from all incumbrances, a public road, which occupied a portion of such lots, was not an incumbrance within the meaning of the covenant. This is not because of any rights acquired by the public, but by reason of the fact that the road, although admittedly an incumbrance, and possibly an injury to the property, was there when the purchaser bought, and he is presumed to have knowledge of it. In such and similar cases there is the further presumption that, if the incumbrance is really an injury, such injury was in the contemplation of the parties, and that the price was regulated accordingly."

Also quoting we said:

"In other words, it is not to be presumed that the two contracting parties would make a contract and

sale and purchase of land which is broken the instant it is completed, and the only possible remedy of which is the payment of damages by the grantor to the grantee—in efect that the grantor should immediately repay a part of the whole of the purchase price. It is more reasonable to presume that both * * * in fixing the purchase price would consider the damages necessarily and inevitably following from the continuing of the incumbrance and contract with reference to such physical fact."

As a practical proposition we are unable to see any distinction in the rule sought to be applied here. It may be gathered from the pleadings that the passway was of useful benefit to the grantees; particularly so if the barn and garage spoken of in pleadings, as they appear to be, were located on the conveyed lot.

That one may waive rights is not open to debate; it is a rule consonant with reason, both of civil and common law, that one may waive or relinquish rights to which is entitled, or set up in his favor. See numerous cases under "Waiver," 44 Words and Phrases, Perm. Ed., 516, West.

"A purchaser by his conduct may waive the right to set up as a defense to an action by the vendor for damages for breach of contract any particular defense or objection which he might otherwise have." 66 C. J. 1527. This same work, p. 944, Sec 646.

"In general taking possession, or a continuance in possession, or accepting a conveyance, or a continuation to deal with the property as equitable owner, or without protest making payment on the property after notice of the defect in title * * * is a waiver of the defect in regard to the right to compel a conveyance of all the estate the vendor had agreed to convey."

To the same effect is 27 R. C. L. 658, p. 420; Thompson on Real Property, Vol. 5, p. 433. See, also, cases cited in Notes, 34 A. L. R. p. 1321, and recent case of Bay Minette Land Co. v. Stapleton, 224 Ala. 175, 139 So. 342, and as bearing on the question of whether possession is to be taken as an element of waiver, see Collier v. Thompson, 4 T. B. Mon. 31. Clark v.

Fishback, 203 Ky. 265, 262 S. W. 265, holds that one after discovering a fraud, which induced him to enter into a contract, continues to receive benefits under the contract, or conducts himself with respect to the contract as though it were a subsisting and binding agreement, will be held to have affirmed the contract and waived his right to a rescission. While in this case there is no mention of fraud, the principle announced would apply.

Since it is specifically alleged here that the vendees had actual notice of the easement; took possession, and thereafter manifested acts of ownership, including an effort to mortgage the property, which allegations are admitted by demurrer to the reply, we are concluded that the pleading set up a maintainable avoidance. What acts or declarations amount to a waiver is a question of law for the court; whether such acts or declarations were done or made, or their intended effect, is a question for the jury. 66 C. J. 947, Vroman v. Darrow, 40 Ill. 171.

Judgment reversed and cause remanded for consistent proceedings.