## CAMPBELL et al. v. HULETT et al.

Court of Appeals of Kentucky.
Feb. 16, 1951.
Rehearing Denied Dec. 6, 1951.

they were induced to buy a farm from the Huletts for $4200 cash, consisting of a little over 42 acres, because the latter represented that an abandoned right-of-way of the L. & N. Ry. Co., traversing the entire property, was a private passway and was used permissively only by one Robert Lawson, which could be closed by the Campbells at will; that, relying upon the statements of the Huletts, they attempted to close the right-of-way, with the result that Lawson permanently enjoined them from doing so; that the passway amounting to a deduction of 1.86 acres off of the land bought was finally adjudged to be a public road by a decision of this Court; and that they sustained a loss of $1000 for the land taken from them and paid out $500 for attorney fees and court costs in defending. their title to the strip in question, for which they seek a recovery.

The petition of the Campbells was filed in the Madison Circuit Court on September 11, 1945. The action was tried at the October term, 1946, the May term, 1947, and the October term, 1948, and each trial resulted in a hung jury. It had been continued during the October, 1947, the February, 1948, and the May, 1948, terms of the circuit court, due to the. ill health of the attorneys representing the Huletts. At the February term, 1947, it was continued again, but this time on appellants' motion. On the 10th day of the May term, 1949, appellees filed their motion to dismiss this action, for reasons that are reiterated in the trial judge's order below. The lower court sustained this motion, by filing the case away with leave to redocket it, adjudging, in part, as follows:

"* * * and the Court having duly considered the said motion to dismiss and being duly advised in the premises is of the opinion that on each one of the three previous trials of this case, each trial consuming two days, both parties had full and complete opportunity to and did present and introduce all of their witnesses and evidence of every kind; that neither party has suffered from nor has either complained of any casualty or misfortune of any kind in the full production of all of their evidence, and on the third and last preceding trial

Carl F. Eversole, Richmond, for appellants.

J. P. Chenault, H. D. Parrish, Richmond, for appellees.

STEWART, Justice.

Appellants, Fred Campbell and Charlie Campbell, filed this action as plaintiffs below against appellees, Ed Hulett and Minnie Hulett, seeking damages from them for a breach of warranty based upon the loss of title to a quantity of land conveyed by appellees to them. Appellants alleged that

hereof the Court finally submitted the case to the jury entirely upon the instructions prepared and offered by counsel for plaintiffs, and the Court knows of no reason to expect or anticipate any different result than that already achieved should this case be again tried and submitted to another jury, or other juries, and the Court is of opinion that it will be a waste of the parties time and money to again submit same to a jury.

"It is therefore ordered and adjudged by the Court that this case be and the same is now filed away with leave to redocket, and it is further ordered and adjudged that each of the parties hereto pay the costs herein respectively incurred and created by each."

Appellants then moved to reinstate the case on the docket for a trial at the same term of court, and they now present to this Court on this appeal the propriety of the trial court's action in overruling their motion to redocket the cause for trial after it had been ordered filed away in the manner above set forth. Appellees contend that the order of the court below is not a final judgment within the meaning of Sec. 368 of the Code of Civil Practice, so that this appeal will not lie.

In order that a judgment, decree or order may be appealed from, it may be stated generally that the decision must be final or in the nature of a final decision. An exception to this rule has been said to obtain in mandamus proceedings, and in many instances the statutes expressly provide for appeals from decisions that are not final. See Annotation to 80 A.L.R., page 1186. It has been said that if an order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are terminated, it is interlocutory and not final. Hubbard v. Hubbard, 303 Ky. 411, 197 S.W.2d 923.

In Smith v. Rodes et al., 2 Ky. Op. 28, decided on October 3, 1867, this Court held that an order directing a case to be filed away was not final and that an order of the lower court overruling a motion to reinstate the case on the docket was not a judgment dismissing the action from which an appeal might be prosecuted. However, in Nickell v. Fallen, 12 S.W. 767, 11 Ky. Law Rep. 621, dated December 17, 1889, it was stated that an order filing away a cause for want of prosecution was not final, but added: "If the appellants were dissatisfied with it, their remedy was to move to reinstate the case, and then appeal from the order overruling the motion, if overruled." Holliday et al. v. Cornett, 178 Ky. 454, 198 S.W. 1153, held on December 18, 1917, that the refusal of the lower court's order overruling a motion to redocket a case that had "apparently been abandoned for over 20 years" was not a final order, making such a case appealable, stating " * * * even if the order were a final order we would not feel authorized to disturb it." We have been unable to find any other decisions of this Court dealing with the specific question before us.

The test of this kind of order is whether the court that entered it intended it as its final decision of the cause. In our consideration of the order in controversy, we must regard it as a whole and, when we do, coupled with the refusal to redocket the case for trial, the conclusion is inescapable that the lower court intended to terminate the litigation once and for all. We must interpret the act by the motive behind the act, and, in this instance, we have concluded that the order entered by the trial court was intended as a final disposition of appellants' cause. We have accordingly determined that the action of the lower court is reviewable by this Court. To hold otherwise would amount to a denial of justice to appellants.

Section 14 of the Constitution reads as follows: "All courts shall be open and every person, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

While the constitutional prerogative of a trial by jury exists only in cases where, by the common law, a jury trial was customarily had, see Stearns C. & L. Co. et al. v. Commonwealth, 167 Ky. 51, 179

S.W. 1080, it is unquestionably the constitutional right of a litigant to have his cause tried. A trial is the judicial investigation and determination of the issues between the parties to an action. 53 Am.Jur., Trial, § 2. If the right exists, the duty is imposed upon the court to make certain that the right is not infringed upon. When the court, for the reasons set forth in its order, filed appellants' case away and then, upon proper motion, refused to reinstate it for trial, it ignored appellants' right to a trial and the court's duty to grant them a trial without delay. The above constitutional provision is unmistakable in its meaning and clear in its implication.

■ Appellees have filed before this Court a verified answer, alleging therein that appellants' right to further prosecute their cause of action has ceased, because the latter, pending this appeal, have conveyed to others the land and easement described in the pleadings for a bid price of $10,775, and that this is a clear indication that the existence of the easement across the farm, and its use as a public highway, did not result in any damage to the farm or to them. The answer was duly controverted by a reply of appellants. This method of pleading, although seldom resorted to, is permissible under Sections 757 and 758 of the Civil Code of Practice, and it is the nature of a plea in bar.

■ We are of the opinion that appellants' sale of their land did not extinguish their alleged claim against appellees. Even though the consideration received by the Campbells for the farm greatly exceeded the sum previously paid by them to the Huletts, the increased value of the property may have resulted from improvements added by appellants to the land, that could not be a recoverable item of damage against their grantors even upon a total failure of the title and, therefore, must be disregarded in arriving at the measure of damages in the instant case, if any, sustanied by appellants. Cox's Heirs v. Strode, 2 Bibb 273; 14 Am.Jur., Covenants, § 163. The issue raised by appellees by their answer is one that can be determined only by the trial court after all of the facts have been fully presented to it.

Later, appellees filed a cross appeal, in which they moved this Court that the record in the appeal of Lawson v. Campbell et al., decided January 30, 1945, see 299 Ky. 284, 185 S.W.2d 391, together with the petition for a rehearing thereon, be considered in connection with, and made a part of the record of, this case. The contention in this connection amounts to a plea of res judicata, and, to maintain this view, they rely upon Patterson v. Jones, 235 Ky. 838, 32 S.W.2d 408, and Eaton et al. v. Trautwein et al., 288 Ky. 97, 155 S.W.2d 474.

■ The two opinions just cited follow a doctrine of law well-established in this forum that when at the date of purchase there is a servitude imposed upon the land which is plainly visible, and which, from its very nature, cannot be removed, such does not constitute a breach of the covenant of general warranty, as the parties are supposed to have contracted with reference to the existence of the encumbrance. This is not the relevant law here. Appellants' action, as will be apparent from reading their petition, comes within the scope of Helton et al. v. Asher, 135 Ky. 751, 123 S.W. 285, as regards the facts and the law applicable thereto. In the latter case, after the land was purchased from Asher by the Heltons by general warranty deed, Taylor and Crate proposed to run a tramroad across it, Asher having sold the latter a right of way for the tramroad before he conveyed the land to the Heltons. Taylor and Crate had the tramroad adjudged a public road by a circuit court judgment. The Asher case held that the Heltons had a right to sue for the diminution in the value of their land resulting from the creation of an easement thereon by court action, after their purchase of the property, in an action for a breach of covenant against encumbrances. Appellants' petition raises a question of fact as to whether or not the passway involved in this litigation became by court judgment, after appellants bought their land from appellees, an encumbrance be-

stowing upon the Campbells the right to sue appellees for a breach of covenant. The trial court must try and determine this factual issue.

Wherefore, the judgment is reversed on the appeal and affirmed on the cross appeal and the lower court is directed to redocket the case for proceedings consistent herewith.