## YOUNGBLOOD et al. v. GHOLSON.

Court of Appeals of Kentucky.

Feb. 27, 1953.

C. H. Lowry, Paducah, for appellants.

Waller, Threlkeld & Whitlow, Paducah, for appellee.

DUNCAN, Justice.

This is an action by a vendor to recover possession of land held by the vendee under a contract to purchase which cannot be performed because of a defect in vendor's title. The Chancellor cancelled the contract, restored possession, and awarded the vendor $1,500 as rental for the period of vendee's possession.

On April 10, 1942, appellee, Mrs. Gola Gholson, entered into a contract with appellants by which she agreed to convey to them her ninety-acre farm located in McCracken County, Kentucky, for the purchase price of $4,500. Appellants immediately entered into possession and have occupied the farm continuously since that time. Appellants have paid the sum of $1,500 and, admittedly, are ready to pay the balance of the purchase price upon delivery to them of a deed conveying a valid fee-simple title.

Soon after appellants acquired possession, they procured an abstract of title which disclosed that Mrs. Gholson's title was defective to an undivided one-sixth remainder interest in approximately one-half of the farm. Mrs. Gholson was notified of the defect, and her efforts to perfect her title by purchasing the outstanding interest have been unsuccessful. Notwithstanding appellee's inability to convey a perfect title, appellants have remained in possession for over ten years, refusing to either surrender possession or accept such title as appellee is able to convey. Appellants contend that a court of equity is without power to end the stalemate which had developed between the parties.

Appellants overlook the fact that so long as they remain in possession under the agreement they are estopped to deny the vendor's title for the purpose of defeating her rights under the agreement.

No principle of law is more universally recognized than that which precludes a vendee who has entered into possession of land under an executory contract of sale from denying his vendor's title. The rule applies with equal force regardless of whether the vendor seeks to recover the contract price or sues in ejectment to recover possession on account of default in the payment of the purchase money. The rule is stated in 55 Am.Jur., pages 801 and 802, sec. 375, Vendor and Purchaser, as follows:

"The vendee in a contract for the sale of land, having recognized the vendor's title by entering into the contract and taking possession under it, can do nothing to the prejudice thereof so long as the relation exists; he is estopped to deny the vendor's title without having first surrendered the possession, and cannot even set up a prior title in himself without having first surrendered the possession acquired by virtue of the contract, where there has been no mistake or imposition, or take advantage of the existence of an outstanding title disclosed by the vendor's own evidence. A purchaser while in such possession will no more be permitted to challenge or impair the title of his vendor with the view of defeating the latter's title than a tenant in possession will be permitted to challenge or impair the title of his landlord. This estoppel is applied not only where the vendor sues in ejectment to recover possession on account of a default in the payment of the purchase money, but also where the vendor sues to recover the agreed price. The purchaser cannot in such a case retain the possession obtained by virtue of the contract, thus treating the contract as subsisting, and at the same time defend by showing a want of title in the vendor."

The rule has been recognized and applied by this Court in Clarke v. Fishback, 203 Ky. 265, 262 S.W. 265, and Eaton v. Trautwein, 288 Ky. 97, 155 S.W.2d 474.

A number of remedies were available to appellants. They might have surrendered possession and maintained an action for damages on account of appellee's failure to

comply with her agreement, or they might have elected to comply with their contract of sale; crediting the purchase price with a proportionate diminution to the extent of the outstanding interest. However, they cannot retain the benefits of the contract so far as it confers possession and at the same time take advantage of appellee's inability to convey a perfect title.

Appellants rely upon the well-recognized principle that a party in default cannot maintain an action upon the contract without alleging or tendering performance of the covenants imposed upon him. This contention fails to take into account the fact that appellants, being estopped to deny appellee's title, are in default in failing to pay the balance of the purchase price for a period of ten years.

We think the Chancellor correctly determined the rights of the parties, and the judgment is therefore affirmed.