STAMPER et al. v. FORD'S ADM'X et al.

Court of Appeals of Kentucky.

June 19, 1953.

Rehearing Denied Oct. 16, 1953.

D. E. Wooldridge, LaGrange, for appellants.

Clark & Manby, LaGrange, for appellees.

COMBS, Justice.

The appellant, C. A. Stamper, and his wife had their farm in Oldham County sold at auction on July 15, 1949. H. H. Ford was the high bidder at $4,300. Ford paid 20% of the purchase price, or $860, and a written contract embodying the terms of the sale was executed by the parties. It was provided in the contract that the balance of the purchase price would be paid on or before January 1, 1950, "when deed is delivered." The purchaser was to pay the 1949 taxes and the tobacco sold from the farm before January 1, 1950 was "to be paid to the seller and applied to the purchase price."

Ford did not close the deal. On December 2, 1949 he signed an option agreeing to sell the farm for $4,250. The option was accepted by Jesse C. Dixon on the same day. Shortly thereafter Jesse Dixon and his father called on Stamper, who ran a restaurant in LaGrange, and the sale of the farm was discussed. Stamper testified very positively that he told the Dixons his contract was with Ford and he would not make a deed to anyone other than Ford. The Dixons testified they told Stamper that Jesse Dixon had bought the farm from Ford and inquired of him if he would make the deed directly to Jesse Dixon and that Stamper said he "did not give a damn who he deeded the place to as long as he got his money." Jesse Dixon testified that later in the month he told Stamper the balance of the purchase money was ready for him and Stamper said, "I am in no hurry, we can deed it anytime." Jesse Dixon also testified that he made a diligent search for Stamper on December 31, but could not locate him and was unable to obtain any information as to his whereabouts from the members of the Stamper family.

Thos. F. Manby, an attorney in La-Grange, now one of the attorneys for the appellees, testified that on the third or fourth of January he wrote Stamper a letter asking him to set a date to close the transaction. As we construe Stamper's testimony, the only letter he received from Manby was dated January 9 and received by him on the tenth. In any event, after receiving the letter he called Manby by telephone and informed him that since Ford had not closed the deal before January 1 he considered the contract at an end.

This suit for specific performance was filed by Ford on February 16, 1950. He testified in the case but died shortly thereafter and the action was revived in the name of his executrix and heirs, the appellees here. The court's judgment directs Stamper and his wife to execute a deed for the farm to the appellees upon payment by them of the balance due on the purchase price. The judgment gives the appellees credit on the purchase price for the 1949 tobacco crop in the amount of $459.59. The judgment also awards appellees damages in the amount of $420 for loss of use of the farm for each of the years 1950 and 1951. The taxes for the years 1949, 1950, 1951 and 1952 are charged against the appellees.

■ The Stampers insist that time was of the essence of the contract, and that since Ford failed to make a legal tender of the balance of the purchase price before January 1, 1950, they are not required to perform the contract. This argument overlooks the testimony that Stamper in effect agreed to waive the requirement as to time. A party may waive or relinquish rights to which he is entitled under a contract, and having done so may not reverse his position to the prejudice of another party to the contract. Eaton v. Trautwein, 288 Ky. 97, 155 S.W.2d 474; Casner v. Bituminous Casualty Corp., 289 Ky. 340, 158 S.W.2d 618.

■ Although the record does not disclose on what ground the lower court based its judgment, and although there is sharp conflict in the testimony, there is substantial evidence to support a finding that the Stampers waived the provision in the contract in regard to the time of performance. There is also substantial evidence to support that part of the judgment fixing damages for loss of use of the farm for the years 1950 and 1951.

It may be said in summary that this whole case turns on the facts, and there

944

is ample evidence to support the trial court's conclusion.

The judgment is affirmed.