## Grider v. Glass.

(Decided March 3, 1925.)

### Appeal from Metcalfe Circuit Court.

Easements—Grant of Easement in Road Across Another's Land Implied.—Where devisee of adjoining tracts, having used continuously roadway from one across other to public road, failed to reserve easement in appropriating land, but roadway was used for 15 years after his death, and was apparent and visible, reservation or grant of easement was implied as appurtenance; there being no method of egress or ingress except across lands of others.

JAMES TUDOR, E. M. ROMINES, E. C. TERRY and J. LEWIS WILLIAMS for appellant.

J. W. KINNAIRD, M. O. SCOTT and V. H. BAIRD for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellant, Hade Grider, and appellee, Eugene Glass, own adjoining tracts of land. A public road runs through the tract owned by appellant. Appellee sued appellant, claiming the right to use a passway running from his tract of land, across that of appellant, to the public road mentioned, and seeking by mandatory injunction to require appellant to remove a lock and chain with which a gate across the passway had been fastened. Appellant denied his right to use the passway. The chancellor, upon the trial of the case, awarded appellee the relief sought and appellant prosecutes this appeal.

It appears that Edwin Pedigo formerly owned a tract of land containing 323 acres, and that the public highway above mentioned traversed the same from east to west. While he owned the tract of land in entirety, the passway now in question put off from the public high-

way and ran across a portion of his farm to that part of it now owned by appellee. There is some proof in the record tending to establish that some thirty years ago the passway was used by the public generally in going from the public road mentioned to another neighborhood, but its use for that purpose seems to have been discontinued about that time. However, as long as Edwin Pedigo owned the 323-acre tract of land this passway was used by him as a farm road in going to and from that portion of his farm now owned by appellee.

Some fifteen years ago Edwin Pedigo died. He left a will by the terms of which he divided his 323-acre tract of land among his children. The tract of land now owned by appellee was willed by him to his daughter, Settie Pedigo, while that now owned by appellant was devised by him to another of his daughters, Josie Hayes. After the death of testator and the probate of his will, the devisees thereunder established the lines of their various tracts of land, and respectively took possession of them. The tract so willed to Settie Pedigo has passed by mesne conveyances to appellee, Eugene Glass, while that so devised to Josie Hayes had likewise passed to appellant, Hade Grider. At the time the will in question was probated, and the boundaries of the various tracts devised by it were established, and the various devisees took possession of them under the will, the passway claimed by appellee existed, a well-defined, visible road or passway proceeding from the public road through the tract of land devised to Josie Hayes, now owned by appellant, Grider, to the tract of land devised to Settie Pedigo, now owned by appellee, which had been used by testator in going to and from the portion of his farm, now owned by appellee, in hauling the crops and timber products produced on that part of the farm.

The portion of the farm devised to Settie Pedigo, now owned by appellee, touched no other public highway, and the passway in question was its only outlet to a public highway, except over lands belonging to other people, across which ingress and egress to and from the land in question could be had only by permission of the owner. In establishing the boundaries of the various tracts devised by Edwin Pedigo to his children, it appears that no passways were granted or reserved, and it appears that in none of the conveyances under which appellee

claims the 75-acre Settie Pedigo tract, has a passway across the lands now owned by appellant been granted or reserved.   For that reason it is contended for appellant that appellee has no right to the use of the passway across his land.   It does not seem to the court that his contention is well founded.

The case of Muir, et al. v. Cox, et al., 110 Ky. 560, is virtually a facsimile of the case now before us.   In that case the general principle enunciated in Washburn on Easements, page 81, which reads: "It may be considered as settled in the United States that, on the conveyance of one of several parcels of land belonging to the same owner, there is an implied grant or reservation, as the case may be, of all apparent and continuous easements or incidents of property which have been created or used by him during the unity of possession, though they could then have had no legal existence apart from his general ownership," was held by the court to be broad enough to cover a case like the one now before us.   It was there held that upon the division of a larger single tract of land by a decedent or testator into smaller tracts among his heirs or devisees, when the deeds of partition do not contain grants or reservations of passways, the law will imply a grant or reservation, as the case may be, of all apparent and visible easements then existing on the land that had been used by the former single owner for the benefit of the various portions into which the larger tract had been subdivided.   Lebus v. Boston, 21 Ky. L. Rep. 411, 51 S. W. 609; Irvine v. McGreary, 22 Ky. L. Rep. 169, 56 S. W. 966, and other authorities cited therein as well as in the Muir case *supra* are to the same effect.

Under authority of the precedents above we hold that although there was no reservation or grant of the easement in question by the deeds or by the will of testator, that there was, nevertheless, an implied grant of same, which has run as an appurtenance to the 75-acre tract now owned by appellee, and that he has the right to use the same without being molested by appellant.

The judgment of the chancellor being in accord with our conclusion on the question, is affirmed.