## Burgess v. Swetnam.

(Decided Dec. 21, 1934.)

C. F. SEE, Jr., T. S. THOMPSON, and VINSON & MILLER for appellant.

WOODS, STEWART, NICKELL & SMOOT for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

About the year 1922 appellant leased his farm for the purpose of having it explored and developed for gas and oil. The lessee sunk a well upon the property, which turned out to be a gas well. The production, while sufficient for the domestic use of a consumer or two, was not large enough for commercial purposes. The lessee abandoned the lease as he had a right to do, and was proposing to pull the casing from the well when the appellant and the appellee, who lived on the adjoining farm, entered into an agreement whereby they raised between them the sum of $450, which they paid the lessee to leave the casing in the well. Appellant and appellee thereupon installed pipes and gas fixtures in their respective homes and connected the same up with the gas well, and since then have been using the gas from this well up until shortly before this suit was brought in June, 1931. The appellee contends that his use of the gas from this well was under an agreement entered into by him and the appellant at the time they bought the casing from the lessee of appellant to the effect that they would jointly raise the money and buy this casing and have the right to thereafter use the gas from the well. The appellee contends that this use was to last as long as the gas would flow. The appellant contends that this use on the part of the appellee was to last only as long as there was gas available for more than one user, but that if the gas was not sufficient for more than one user, then the appellant was to have the use of the gas and appellee was to be cut off. On this issue as to how long appellee was to have the use of the gas, the court found the agreement as appellee contended it to be, and under familiar law where the evidence is thus conflicting we accept the finding of the chancellor.

In 1931 the appellant disconnected the pipes of the appellee from the gas well, and thereupon this suit was brought to enjoin the appellant from interfering with the appellee in reconnecting his pipes with the gas well and from thereafter disconnecting said pipes, or from doing any act that interfered with appellee using the gas from said well for domestic purposes in his residence. On final hearing, the court granted the appellee the relief he sought, and from that judgment this appeal is prosecuted.

It is first insisted that the agreement between the appellant and the appellee being oral as it was is within the statute of frauds (Ky. Stats. sec. 470, subd. 6) and is void, in that it orally attempted to create an interest in the land of the appellant in favor of the appellee. The appellee does not claim any right other than to use the gas which accumulates in the well and casing. This is no different from the privilege of one to get without more water from a spring upon his neighbor's property, and such a privilege has been held not to create an interest in land but only to be a license which may be created by parol. 67 C. J. 1101. There is therefore no merit in the first contention of the appellant. Nor is there any merit in his contention that conceding appellee's right to be a license it was revocable, for the license by its terms was to last as long as the gas would accumulate, as the court found, be that time six months, six years, or any other period of time. Appellee has expended considerable money in fitting his premises for the use of this gas. Appellant received consideration for this license, and he cannot under the facts and circumstances of this case now revoke it. Jarvis v. Satterwhite, 3 Ky. Law Rep. 190. See also Carrollton Telephone Exchange Co. v. Spicer, 177 Ky. 340, 197 S. W. 827, L. R. A. 1918A, 950.

The lower court did not err in granting the injunctive relief he did, and his judgment is affirmed.

Whole court sitting.