## Cupp et ux. v. Gregory et al.

Feb. 16, 1943.

C. B. Upton, J. B. Johnson, and Joe S. Feather for appellants.

E. L. Stephens, Glenn Stephens and Charles Stephens for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Andy Cupp and his wife, Sarah, instituted this proceeding to close an old passway which runs across a corner of a farm purchased by them in 1937. It was their contention that the use of the way by the appellees, who live back of their farm, has been permissive. They set forth in their pleadings, however, that to avoid difficul-

ties with their neighbors they had laid off a new way 16 feet in width along the northern boundary of their farm, which connects with the county road some 380 feet to the north of where the old way joins it. The appellees contended that they had a prescriptive right to use the way, and sought to have removed the obstructions placed across it by the appellants. The chancellor adjudged the appellees all of the relief sought by them; hence the appeal.

The evidence shows conclusively that the way has been in use for many years. One witness testified that he had been traveling it for over 80 years, and that he understood from his parents that the way had been used for many years before his birth. Other witnesses testified as to the long and continued use of the way. There was conflicting testimony as to the suitability of the new way laid out by the appellants, but it is unnecessary to go into that phase of the case, because we are convinced that the appellees showed their right to use the way to be prescriptive.

As pointed out in Cox v. Blaydes, 246 Ky. 121, 54 S. W. (2d) 622, the long, continued and uninterrupted use of a passway raises the presumption that the use was under a claim of right, and casts upon the owner of the servient estate the burden of showing that the use was merely permissive. The Cox case shows also that, where the use has extended over a long period of years, slight evidence is sufficient to show that it was enjoyed as a matter of right.

The appellants sought to show that the use was permissive in character, since gates and bars had been placed across it for a good many years. They failed to show, however, that the gates and bars had been erected with the view of obstructing the way. In this connection, there was some testimony for the appellees that one of the former owners of the Cupp tract had asked permission of those using the way about erecting the gates. The appellants appear to be the only persons owning the tract who have attempted to close the way by the erection of fences. It is clear from their evidence, however, as well as that for the appellees, that it has been the custom for more than 15 years to have gates and bars across the way. Especially is this true as to the place where the way joins the county road.

It follows from what has been said that the chancellor correctly adjudged that the appellees have the right to use the old way, but that he erred in denying the appellants the right to maintain gates or bars at the place where the way enters their property from the north, and where it joins the county road.

Judgment reversed, with directions to set it aside, and to enter a judgment in conformity with this opinion.