## Ball et al. v. Moore et al.

March 12, 1946.

W. R. Henry and L. O. Siler for appellants.

Stephens & Steely and W. B. Early for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK— Reversing in part.

The appellees instituted this action against the appellants to have them remove gates and bars from two passways which run through the lands of the appellant, W. H. Martin. Charles Ball is a tenant on Martin's farm, and erected the gates and bars under Martin's direction. The chancellor adjudged that the passways in question were public roads, and that the appellees were entitled to their free and unobstructed use. The appellants were enjoined from placing any gates or bars across the ways. The passways were opened by Mr. Martin more than 20 years ago, and he makes no com-

plaint of the part of the judgment which permits them to be used by the traveling public, but he strenuously insists that the part of the judgment relating to the gates and bars is erroneous.

One of the passways parallels an old county road which became virtually impassable many years ago. Mr. Martin established it for his own use, but has never objected to its use by other persons. The other way was established by Mr. Martin to give him access to a coal bank. He has never objected to other persons using this way. The evidence shows conclusively that gates or bars have been maintained across both of the ways from time to time. It seems to have been the custom to leave the gates open, except when crops were being raised on Mr. Martin's land. No one seems to have questioned Mr. Martin's right to maintain the gates across the ways until the appellees instituted this action. While the passways have been referred to as public roads, there has been no formal dedication of their use to the public by Mr. Martin; but, rather, as indicated heretofore, he has never objected to the public using them, and makes no such objection now. Some of the testimony for the appellees is to the effect that at least one of the gates was erected through spite, since there is little or no fence on either side of it. It appears also that the gates are not on the boundary lines of Mr. Martin's land. They have been erected, however, at or near the places where gates or bars have been maintained heretofore.

As a general proposition, and as pointed out in Cupp v. Gregory, 293 Ky. 289, 168 S. W. 2d 1001, the owner of a servient estate may maintain gates or bars across a passway which is used under a prescriptive right at the places where the way enters his property, and where it leaves it. We do not think, however, that this general rule should be applied in the case at bar, because Mr. Martin originally established both of the passways for his own use and placed gates and bars across them where they were needed in the operation of his farm. Mr. Martin was generous enough to permit the public to use the ways, and we do not think he should now be required to remove completely the gates and bars, or to place them at places other than where they have been maintained heretofore.

Under the circumstances, we think the part of the judgment requiring that Mr. Martin remove the gates and bars should be and it is reversed, with directions to set it aside, and for the entry of a judgment in conformity with this opinion.