## Jessup et al. v. Bard.

January 24, 1947.

As corrected May 20, 1947.

Clarence Bartlett and A. J. Bratcher, Judges.

T. O. Jones for appellants.

Hubert Meredith for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

The appellants were plaintiffs in this action below. They sought to require the appellee to remove obstructions from an alleged passway running through his farm. They based their claim on a prescriptive right to use the involved passway which the appellee had blocked.

The appellee claimed that such use was permissive only and that the public had acquired no right to the use of the passway, and that he was entirely within his legal rights in closing the road. In addition to the above, appellee pleaded estoppel as against the appellants.

Evidence was heard and the case submitted on May 28, 1945. The court took the matter under consideration. On August 31, 1945, the day Judge Bartlett, the Trial Judge, went out of office, a memoranda opinion

was given by the court. In this opinion, Judge Bartlett stated:

"It is this Court's opinion that plaintiffs proved by a preponderance of the evidence that the right to travel over the Bard land had been established by prescription," but held that the plaintiffs were estopped from claiming any right to use the passway because the father of the Jessup boys had deeded the land now owned by defendant by deed of general warranty. The court stated in the opinion that there was no evidenre that this right-of-way was established by any legal prodeedings, nor that it existed by virtue of any statutory authority, and that the reservation mentioned in each of the deeds does not relieve against the consequence of a breach of general warranty in the Jessup-Bard deed, and since James and George Jessup were the sons of the grantor in the Jessup-Bard deed, they would be estopped from claiming the right to use the passway, and directed that judgment be entered dismissing plaintiffs' petition. As stated above, this memorandum was given on the day that Judge Bartlett went out of office. Judge Bartlett was succeeded by the Honorable A. J. Bratcher, and at the September 1945 term of the Muhlenberg Circuit Court, Judge Bratcher entered judgment in conformity with the memoranda opinion of the former judge, wherein plaintiffs' petition was dismissed. From that judgment this appeal is prosecuted.

The appellants come here insisting that they and the public generally have the absolute right to use the passway in question; that contrary to the findings of the court below, the status of the passway was not changed by the deed from J. W. Jessup to appellee, C. A. Bard; that it was not affected by the contract referred to in the trial court's opinion; that the passway was a public passway at the time the appellee, Bard, purchased the property; that there was no merit in appellee's claim that the use of the passway was permissive, and finally that they should not have been required to elect.

The appellee counters with the following propositions: (1) That appellants' petition was fatally defective and the proof was insufficient; (2) that the use of the road in question was merely permissive, and that neither the plaintiffs nor the public acquired any right to

the use of it; (3) that the appellee's grantor, the father of appellants, would be estopped from claiming the right to use the road, and likewise, his children and heirs are also estopped from claiming the right to the use of it; (4) that the appellants for a valuable consideration agreed with the appellee to close the questioned roadway, and are now estopped from claiming the right to use it, and (5) that equity will not permit appellants to snatch appellee's title and ownership of the passway by merely purchasing an adjacent property and making the claim to the passway as an appurtenant thereto.

In order properly to dispose of the questions raised a more or less detailed statement of the facts is required. It appears that this passway crosses a tract of land which was a part of an original 850 acre tract conveyed on June 28, 1897 by E. A. Deardoff to Welty and Savige. Shortly after its purchase by Welty and Savige, the 850 acre tract of land was divided into smaller tracts. The first tract sold therefrom, which is the 85 acre tract now owned by the appellants, was conveyed by Welty and Savige to William Groves on December 12, 1898, and through a number of intermediate transfers finally was conveyed to James Jessup and George Jessup on December 8, 1943. Copies of each of the deeds of conveyance are exhibits in this action. The description is identical in each of the deeds and at the end of each there appears this language: "But subject to all legal highways." In 1899 Welty and Savige conveyed out of the 850 acres the 77 acre tract, which is the land over which the involved road runs, to J. W. Jessup, father of appellants. On October 26, 1936, J. W. Jessup and his wife conveyed the same 77 acres to C. A. Bard, appellee herein. At the end of the description in each of those deeds appears this statement: "But subject to all legal highways."

The appellants' tract lies immediately south of appellee's tract. The evidence shows that this passway existed before the 850 acre tract was divided into smaller tracts in 1898, and that there never was any change in this road or passway, except about the year 1907, while J. W. Jessup owned the 77 acre tract, he straightened the passway so as to make it run on a straight line. Since that time it has remained in that same location

continuously to the present time and has been used by the owners of the land south and west of there, and the public generally, without interruption until September 22, 1944, when the appellee obstructed it by locking gates across it.

We shall dispose first of appellee's contention that the petition was fatally defective. We have carefully considered the petition. While it is not as pointed and direct as it might be, we believe it meets the tests of a sufficient pleading. It is alleged that appellants, their predecessors in title, and the public generally, have used the road as a matter of right for more than 30 years, and yet have the right to use same but are prevented from so doing by reason of the obstruction by appellee. We find no merit in this contention. Neither do we find merit in appellants' contention that the court erred in requiring an election.

It is not necessary to burden this opinion with a recital of the evidence in support of plaintiffs' allegations. The court below properly stated in opinion, and the evidence abundantly supports the finding, that the right to travel over the Bard land had been established by prescription. Appellee insists that right was merely permissive. An unexplained use of a passway for the statutory period creates the presumption of a grant, which, however, is rebuttable by facts and circumstances. See Cupp et ux. v. Gregory et al., 293 Ky. 289, 168 S. W. 2d 1001, and Smith v. Fairfax, 180 Ky. 12, 201 S. W. 454. And it might be added that in the case of Marrs v. Ratliff, 278 Ky. 164, 128 S. W. 2d 604, 608, cited and relied on somewhat by appellee, the court said:

"* * * that a grant of a right of way by prescription will be presumed from an uninterrupted, unexplained, adverse use, of such a nature as to indicate a claim of right, for a period of 15 years or more, and that it is not necessary that the person claiming the passway should show by positive testimony that he claimed its use, as a matter of right, that the burden is upon the land owner, after such long continued use of his premises, to show that the use was merely permissive, and the unexplained use of a passway over another's land for 15 years creates the presumption that the use is adverse."

The appellee fell far short of proving a permissive use only.

Though the court below in opinion found a prescriptive right to use the passway had been created, it found adversely to the appellants because (1) there had been no legal highway as reserved in the deed, and (2) because the appellants, Jessups, were estopped because their father had given a general warranty deed to the appellee.

The court below seemed to take the position that the reservation in the deed excepting legal highways must have and could have meant nothing more than a highway dedicated to and received by the public. We cannot agree with this. It is obvious in a perusal of this record that there were no such highways across this 850 acre tract of land, this being in a rather remote section of the county. Consequently, this must have been a reservation contemplating such roads as were then in use. It might be called to the attention of appellee that a passway or road becoming such by prescriptive right is a legal passway or legal road, and it is obvious the original grantor in 1897, 1898, and the intermediate grantors had in mind such roads as had either been dedicated or had become legal in any way whether through prescriptive use or otherwise. We think the court erred in putting this limitation upon the meaning of that reservation in the deed.

The second proposition is no more well taken than the first. The appellee's grantor had no right whatsoever to convert a public road into a private road merely through a deed of conveyance. Appellee's grantor would have had no more right to obstruct the highway than would the appellee. The trial court based its opinion upon the authority of Whitley Lodge No. 148 Of The Knights of Pythias of Corbin v. West, 293 Ky. 341, 168 S. W. 2d 1009. The Whitley Lodge case is easily distinguishable from the instant case. We are here dealing with a public passway. In that case there was a dealing with a private passway. The passway in question was known to the appellee at the time he purchased this 77 acre tract from J. W. Jessup. According to the evidence he had known its existence and use since he could remember, and he is now a man about 50 years of age.

In Eaton et al. v. Trautwein et al., 288 Ky. 97, 155 S. W. 2d 474, 477, it is stated:

"In the case of Patterson v. Jones, 235 Ky. 838, 32 S. W. 2d 408, we went at length in pointing out the distinction between the effect of a public passway and a private passway, and the distinction between encumbrances which affect only the title, and such as affect the physical condition of the property. * * * We pointed out that there was a conflict in authorities in other jurisdictions as to whether or not a public highway, or railroad right of way constituted an encumbrance, and we concluded following our decisions that such easements did not constitute a breach of warranty, 'although such a covenant embraces all the common-law covenants.' Our reasoning and conclusion was that, 'This is on the theory that such incumbrances are open, visible, and notorious, and the parties are supposed to have contracted with reference to them.' Quoting from Memmert v. McKeen, 112 Pa. 315, 4 A. 542, we said: '* * * where the owner had covenanted to convey certain lots free from all incumbrances, a public road, which occupied a portion of such lots, was not an incumbrance within the meaning of the covenant. * * *' "

Appellee insists that appellants are further estopped due to a contract pertaining to another contract of land on which it appears the father of these Jessup boys once lived. In order to reach the highway from the home on that tract, it became necessary to go quite a distance around and out over the passway in question. In order to obtain a more direct route through to the highway, there appears to have been some sort of transaction entered into long before the appellants obtained the 85 acre tract of land mentioned, and long before the owners thereof could have claimed the right to use the passway as appurtenant to their dominant estate. Such contract entered into by an occupant of other lands, who wanted a private passway as a shorter and more direct route to the highway, could in no way disturb the right of the public or of other owners and residents of other portions of this original 850 acre tract to use the passway that had been used for a period of time extending for more than 50 years.

In view of the fact that appellee failed to show a

permissive use, we are constrained to believe that the court was correct in adjudging that a prescriptive right was established through a long, unexplained and continuous use of the passway, but erred in his rulings affecting the appellants, Jessups. Consequently, the judgment is reversed with directions to find that the passway in question was established as a public passway by prescriptive rights without the exceptions or limitations as heretofore placed in the memoranda opinion.