## Smith v. Smith.

April 25, 1947.

Flem D. Sampson, Judge.

Wm. A. Hamm and R. B. Johnson for appellant.

W. B. Early for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This action was brought by the appellee, Albert E. Smith, against James Melvin Smith.

The appellee claimed a passway through and over the lands of the appellant. The lower court found for the appellee and granted him an easement and right to use the road. From the judgment this appeal is prosecuted.

The lands of the appellee and appellant adjoin and each is a portion of what at one time comprised one

boundary owned in its entirety by Samuel Smith. Prior to the time he conveyed the lands to his three sons, Samuel Smith had been a merchant and postmaster. In order to accommodate his customers, Samuel Smith opened a passway, or road ,through the lands now owned by James Melvin Smith, the appellant. For many years after Samuel Smith .divided the land and deeded it to his sons, the two brothers, George W. Smith and James Melvin Smith, lived on their adjoining tracts, George W. Smith living on the particular portion of the land where his father, Samuel Smith, had kept his store.

Shortly after appellee purchased the property from appellant's brother, George, the appellant locked the gates and undertook to close the passway, insisting that this passway, or roadway, was maintained for the benefit of his own farm and that the use made of it by other persons was by his permission, and that he always claimed it as his own.

The appellee then brought this action seeking to require the appellant by mandatory injunction to remove the locks and unfasten the gates. He asserted a right to use the roadway in dispute as a matter of right in that the passway had been openly, notoriously, and adversely used, and open to the public, for about 75 years.

Appellant comes to this court insisting that the chancellor erred in granting a temporary order requiring the appellant to remove the locks and unfasten the gates pending the litigation because there was neither notice of the motion nor a requirement of bond. All that appellant says may be true as pertains to the temporary mandatory order, but the matter of dissolution of temporary injunction is not before us, and the judgment appealed from is a permanent order. Consequently, all that is said relative to the temporary order is not applicable to the permanent order.

Appellant insists further that since there was no reservation or exception in the deed reserving the road or passway, there, consequently, was no passway.

In his testimony appellant admitted that the passway, at the time he obtained title from his father, was obvious and noticeable, which fact, under the weight of

authorities, can be construed in no other way than that he took the land subject to this obvious and notorious passway. See Grider v. Glass, 207 Ky. 608, 269 S. W. 763, and Eaton et al. v. Trautwein et al., 288 Ky. 97, 155 S. W. 2d 474.

He insists further that the use of the road was merely permissive and that parol agreements as to the road, if any, merged into writing. By this he undertook to say that at the time the appellee obtained title from George W. Smith, the matter of the passway was discussed and it was understood that the granting of the passway would be included in the deed, and that the appellant agreed that such should be the case but inadvertently, or somehow, the writer of the deed omitted the inclusion of the passway in the deed. The appellant failed entirely in his attempt to prove the use of the road was permissive, and he goes far afield in his insistence that any parol agreements merged into writing. See Hatfield et al. v. Skinner, 209 Ky. 586, 273 S. W. 432, and Cupp et al. v. Gregory, 293 Ky. 289, 168 S. W. 2d 1001.

Appellant contends that because of the fact that a small portion of the land of appellee borders on the county road, and further because there is another outlet above and up the river, that appellee has no right to use this short passway through appellant's land, and finally insists that the pleadings and the proof did not support the chancellor's judgment.

We have carefully considered all of the evidence in the record. This record shows that all the land which now belongs to the appellant and appellee, prior to 1891 was owned by Samuel Smith, the father of appellant; that for many years prior to 1891, Samuel Smith maintained a store and post office, and this particular passway was used by the public in going to and coming from that store and post office. In 1891 Samuel Smith divided his farm into three parts, one part of which is now owned by the appellant, and two parts by the appellee, which he had purchased from the other two sons of Samuel Smith; that since that time this passway has been used, and as far as this record discloses, no attempt has ever been made to close it until the attempt which precipitated this action.

The evidence is clear and convincing that during all of this time, and for perhaps a period of 75 years, this passway has been used without any question as to the right to use it. We conclude that the chancellor properly adjudicated the .matter.

.Wherefore, the judgment is affirmed.