### SMALLWOOD et al. v. DIZ.

Court of Appeals of Kentucky.
Jan. 18, 1952.

P. B. Stratton, Pikeville, for appellants.

Wine, Venters & Stephenson, Pikeville, for appellee.

MOREMEN, Justice.

Appellant Smallwood and appellee Diz own and reside on adjoining lots on Myra Barnes Avenue in the city of Pikeville. In the year 1924, and at a time when the lots were owned by other persons who were predecessors in title of the parties to this

action, a driveway consisting of three parallel strips was constructed between the lots. Approximately 9 feet 10 inches of the width of this driveway were placed on what is now appellants' property with 2 feet 2 inches on appellee's property.

In the year 1929, and after the parties to this action had acquired title to the lots, the space between the strips was filled with stone and a coat of cement was placed over the driveway. This improvement was made by appellee.

There is sufficient proof in the record to support the chancellor's finding that appellants gave permission to appellee to improve the driveway from Myra Barnes Avenue in order that appellee might have means of egress and ingress to a garage which was on the rear of the lot. The proof is sufficient to sustain a finding that a parol license was granted for this specific purpose. In 1948, or some time prior thereto (the exact date does not appear of record), appellee demolished the garage which was located on the rear of her lot and constructed in its place a two-story apartment building. Access may be had to this building from an adjoining alley.

In December 1948, appellants constructed a concrete footer along their entire property line and the length of the driveway in preparation for building a fence between the two lots. This fence when constructed would destroy the use of the driveway for appellee because only 2 feet 2 inches of the driveway were on her property. On December 11, 1948, appellee filed this action seeking an injunction to prevent the construction of the fence and also seeking a mandatory injunction requiring appellants to remove the footer. The injunctions were granted by the trial court and appellants were required to restore the driveway to its original condition.

We are confronted with the question of whether or not a license may be revoked by the licensor when the licensee abandons the specific use for which the privilege was granted.

A license in respect to real property is an authority or permission to do a particular act or series of acts upon the land of another without possessing any interest or estate in such land. No formal language is necessary to create a license as long as the proper intent appears, and, in the absence of a statute of prohibition, it may be created by parol. 53 C.J.S., Licenses, §§ 79 and 80.

Many courts have established the rule that a license is revocable at the pleasure of the licensor, even after licensee has expended money for improvements in connection with his entry on the land of another, but, in this state, we are committed to the rule that the licensor may not revoke the license and restore his premises to their former condition after the licensee has exercised the privilege given and has erected improvements, with knowledge of licensor, at considerable expense. Lashley Telephone Company v. Durbin, 190 Ky. 792, 228 S.W. 423, and Gibbs v. Anderson, 288 Ky. 488, 156 S.W.2d 876. Neither of the foregoing cases, which are relied upon by appellee, involves a cesser of use and the question was not discussed in the opinions.

In the case at bar the license was granted for a specific use. Its purpose was to give appellee access to the garage. This use was abandoned. Appellee now claims the privilege to use the driveway for a new and different purpose. In 53 C.J.S., Licenses, § 87, page 814, it is said: "The right to the enjoyment of a license may be lost or released by abandonment and nonuser, as by the neglect of the licensee to avail himself of the license under such circumstances as to evidence an intention to abandon, especially where the licensor, in the meantime, has made an inconsistent use of the property, or where the situation of the parties or properties has so changed as to make it inequitable to enforce the right. * * *"

We believe that when a landowner grants a license in connection with land for one purpose, he does not grant a privilege for all uses. The subjection of lands with restrictions founded upon oral agreements should only be to the extent of the limited purpose for which the original license was granted because such agreements are easily misunderstood; do not achieve the solemnity of a written instru-

ment; do not appear of record; and lack the certainty that has been found necessary to the preservation of an orderly system governing the ownership of land.

We are, therefore, of the opinion that appellee abandoned his license when he abandoned the use for which the license was given. There is no evidence in the record that a license was ever given to use the driveway for the purpose.of serving an apartment house on the rear of the lot. Appellants, therefore, had the right to enclose the land belonging to them by means of a fence.

The judgment is reversed with directions to enter another judgment consistent with this opinion.