**McCOLLUM et al. v. HICKS.**

Court of Appeals of Kentucky.

Dec. 11, 1953.

Fritz Krueger, Somerset, for appellants.

H. K. Spear, Somerset, for appellee.

SIMS, Chief Justice.

In September 1951 Elizabeth Hicks brought this action in equity against Boonie McCollum and his wife, Reka, to enjoin them from trespassing upon her land, to require appellants to remove a spring house they had erected thereon and to recover $1000 damages. The chancellor required appellants to remove the spring house from appellee's land but submitted the question of damages to a jury which awarded none and found for appellants. This appeal involves the ruling of the chancellor and there is no cross-appeal on the question of damages.

The parties own adjoining farms in Pulaski County and there is a good spring located on the line dividing their properties. This spring had previously been walled in, but the wall had sunk or been knocked down and the spring became filled with mud and debris. Mr. McCollum operates a country store in the community and he testified that in September 1949, while Mrs. Hicks visited his store he asked her permission to clean out the spring, wall it up and erect the spring house over it; that she gave him such permission and he did the work and enclosed the spring in a small house 6½ by 7½ feet and about 30 inches high, at a cost of $200. He put a pump and pipe in the spring and ran the water to his barn and dwelling. The spring house was so built as to deprive Mrs. Hicks of water and of access to the spring.

Mrs. Hicks denied giving Mr. McCollum permission to improve the spring or erect the house over it, and she testified he never mentioned the subject to her; that she was in North Carolina in September 1949 and never knew the spring house was built until she discovered it while going over her farm with a prospective purchaser the following spring.

It is not disputed that part of the spring house is on Mrs. Hicks' land and it is ad-

mitted she cannot get water from the spring due to the manner in which Mr. McCollum has enclosed it. However, Mr. McCollum testified he was willing to make an outlet for the water to run on Mrs. Hicks' land, saying there was sufficient water to supply several farms.

■ On the issue between the parties as to whether Mrs. Hicks gave Mr. McCollum permission to wall up the spring and erect a spring house partly on her land only two witnesses testified, Mrs. Hicks and Mr. McCollum. Therefore, under the familiar rule where the evidence is thus conflicting we accept the finding of the chancellor.

■ In this jurisdiction the rule is well-established that a license given another to enter on land is not a bare, naked right of entry where it includes the right to erect structures, and the licensor may not revoke the license and restore his premises to their former condition after the licensee has exercised a privilege given him and erected improvements on another's land at considerable expense. Carrollton Tel. Exch. Co. v. Spicer, 177 Ky. 340, 197 S.W. 827, L.R.A.1918A, 950; Jarvis v. Satterwhite, 3 Ky.Law Rep. 190, 11 Ky.Opin. 167; 33 Am.Jur. "Licenses" § 103, p. 408; Burgess v. Swetnam, 257 Ky. 64, 77 S.W.2d 385.

■ The fatal weakness in McCollum's case is that he failed to establish an agreement with appellee wherein she consented for him to go on her farm and improve this spring and erect this spring house.

It does seem unwise for Mrs. Hicks and Mr. McCollum to both lose the benefit of this good spring. From this record it would appear the spring will be of no use to either of them with the spring house removed. But Mr. McCollum failed to establish that Mrs. Hicks gave him permission to go upon her farm and improve the spring and erect the spring house. She evidently resented the structure depriving her of all use of the spring and McCollum appropriating to himself all the water. He said he was willing to remedy the situation

so that Mrs. Hicks would have her share of the water but she seems to have refused his offer. However this may be, there is nothing a court can do but apply the law regardless of how unwise the parties are acting or how much each is hurting the other, without benefiting herself or himself.

For the reasons given, the judgment is affirmed.