Guy McCOY et al., Appellants,

v.

Carl E. HOFFMAN et al., Appellees.

Court of Appeals of Kentucky.

Nov. 9, 1956.

W. A. Daugherty, Pikeville, for appellant.

Francis M. Burke, Pikeville, for appellee.

STANLEY, Commissioner.

The appeal by Guy McCoy et al., is from a judgment that the appellees, Carl E. Hoffman and wife, have a passway over the land of the appellants and enjoining them from interfering with its use.

In 1938 Hoffman bought from Vaught Scites a small parcel of land situated on a state highway up Blackberry Fork of Pond Creek in Pike County. Scites covenanted to give his grantee "a necessary road off the hill to the state highway." When the highway was reconstructed about the time of Hoffman's purchase, the right of way was cut down so that the parcel

was left on a high bluff and direct access to the road was cut off.

The Pond Creek Coal and Land Company, which owned adjoining land, granted Hoffman permission to build a roadway about 800 feet long over its land to the state highway, and such a road was built. Immediately afterward Hoffman erected a residence on his parcel at a cost of $12,000 or $13,000 and had been using this passway for about sixteen years as his only access. When the roadway was built, the appellant, McCoy, was a tenant on the land over which the road was constructed. Afterward, he bought the parcel from the Coal and Land Company knowing, of course, of the presence and use of this roadway. Early in 1954 McCoy gave his daughter and son-in-law the right to build a house along this roadway. In building it the roadway was partially obstructed and, upon objection, McCoy challenged Hoffman's right to it. Thereupon, Hoffman instituted this suit for an injunction.

The court found that the road had been used by Hoffman adversely to the Coal and Land Company and the defendants for a period of more than fifteen years prior to the obstruction and acts complained of. The court ordered the road restored to substantially the same condition it was in at the time and permanently enjoined Mc-Coy and those claiming or having a right from him from obstructing the road and interfering with its use by Hoffman, his family, tenants, or other persons in the peaceable use thereof. The court stated in the judgment that the "value of the thing in controversy" exceeds $2,500.

It is clear Hoffman acquired a permissive right from the Coal and Land Company to build and use this road. Although he regarded this as a right for more than fifteen years, that claim does not or cannot rest upon prescription or adverse possession.

It is a well settled rule that use of property by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription, for there is no presumption of a grant, and such a license or permissive right is revocable at the pleasure of the owner of the servient estate. However, this rule of law is subject to the qualification that there has been no subsequent distinct and positive assertion of an adverse claim of right to the easement which is clearly brought to the notice of the owner of the servient estate. Smith v. Oliver, 189 Ky. 214, 224 S.W. 683; Lambert v. Huntsman, 306 Ky. 862, 209 S.W.2d 709. On the other hand, the right of revocation of the license is subject to the qualification that where the licensee has exercised the privilege given him and erected improvements or made substantial expenditures on the faith or strength of the license, it becomes irrevocable and continues for so long a time as the nature of the license calls for. In effect, under this condition the license becomes in reality a grant through estoppel. Carrollton Telephone Exchange Co. v. Spicer, 177 Ky. 340, 197 S.W. 827, L.R.A.1918A, 950; Gibbs v. Anderson, 288 Ky. 488, 156 S. W.2d 876; Smallwood v. Diz, Ky., 245 S.W.2d 439; McCollum v. Hicks, Ky., 262 S.W.2d 816.

In the present case, while it is not clear that the licensee spent any substantial sum in building the roadway, it appears that the passway was obtained and the road was graded by the county authorities or by the State Highway Department, doubtless in consideration of Hoffman foregoing a claim for the taking of his property by cutting off his way of ingress and egress. At any rate, it is certain that on the faith of the license Hoffman spent a considerable sum in building his residence and improving his lot to which the license or easement was appurtenant.

The appellants, McCoy et al., acquired the servient estate from the Pond Creek Coal and Land Company with the obvious notice of the roadway, and the license or

easement is irrevocable by them. Smith v. Smith, 304 Ky. 562, 201 S.W.2d 720.

Although the judgment is based on adverse possession instead of an irrevocable easement, the result is, nevertheless, correct.

The judgment is affirmed.