**Eugene AKERS et al., Appellants,**

v.

**Artie MOORE et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 31, 1958.

Howard & Francis, Joe Hobson, Prestonsburg, for appellants.

Jarvis Allen, Claude P. Stephens, Prestonsburg, for appellees.

STANLEY, Commissioner.

The appellants, who operate truck coal mines on the waters of Moore Branch, a tributary of Left Beaver Creek, in Floyd County, and other persons use the branch as a public way of ingress and egress from their property. They sued the appellees, the owners of property down and along the branch, seeking to have the court order

them to remove obstructions which they have deliberately placed in the roadway. It appears that the bed of the creek is the road down to a point about 75 feet from a highway. The appellees denied the appellants had any right to use this road. The circuit court found for the appellants, generally, including the right to use a 75 foot section of the road or passway between what is referred to as the left side of the creek bed and the highway. But the court adjudged the plaintiffs had acquired no right to use a strip of land of about the same length between the right side of the creek bed and the highway. We have an appeal and cross-appeal from the judgment.

■ We have no difficulty in concurring in the judgment that the appellants and others acquired a prescriptive right to use this creek bed road and the strip running diagonally from the left side of the creek to the highway. It is like the left arm of the letter "Y." Thus, we may summarily affirm the judgment insofar as the cross-appeal claims it to be erroneous.

This left-hand road is very rough and apparently was never improved. It runs alongside the house in which the appellee Harry Moore lives. The evidence satisfactorily shows that by agreement with Harry Moore and with the acquiescence, if not definite, express consent of Artie Moore and her family, who are closely related to Harry Moore and who own the land on the right side of the creek, the right-hand arm of the "Y" was opened up and used in order to get the road away from Harry Moore's house. It appears that the appellants and the public generally had been using this right arm of the "Y" between the creek bed and the highway for about six years before the suit was filed. The appellants spent around $200 in making this 75 foot strip usable as a roadway. They contend that they and the public have the right to use it as a dedicated roadway. It would seem that the old or left arm of the road has become practically impassable. Harry Moore has erected a shed, attached

to his house, over the road, which is used as a carport.

The record sustains the finding of the trial court that since it had not been commonly used under a claim of right for as long as fifteen years, the 75 foot passway on the right-hand side of the branch had not been dedicated to the public use by estoppel. Riley v. Buchanan, 116 Ky. 625, 76 S.W. 527, 63 L.R.A. 642. If this strip belonged to Harry Moore, there would be no difficulty in holding that it was a mere substitution of an existing passway by mutual consent, and, therefore, should be regarded as but an agreed relocation. Gardner v. Hope, 248 Ky. 270, 58 S.W.2d 353; 28 C.J.S. Easements § 84. But it seems not to belong to him.

■ We consider the fact that the appellees, Artie Moore, et al., had stood by and acquiesced in (if in fact they had not affirmatively consented) the change being made and permitted the appellants to spend money in fixing it up to make it passable and use it for six years without objecting. Of course, the element of time was not sufficient for the acquisition of the right of way by adverse possession. But the law recognizes that one may acquire a license to use a passway or roadway where, with the knowledge of the licensor, he has in the exercise of the privilege spent money in improving the way or for other purposes connected with its use on the faith or strength of the license. Under such conditions the license becomes irrevocable and continues for so long a time as its nature calls for. This, in effect, becomes a grant through estoppel. Gibbs v. Anderson, 288 Ky. 488, 156 S.W.2d 876; McCoy v. Hoffman, Ky., 295 S.W.2d 560. It would be unconscionable to permit the owners of this strip of land of trivial value to revoke the license by obstructing and preventing its use.

On the direct appeal the judgment is reversed with directions to enter a suitable judgment in accord with this opinion. So much of the judgment as is challenged by the cross-appeal is affirmed.