**J. S. HOLBROOK and Lula P. Holbrook, his wife, Appellants,**

**v.**

**Ben TAYLOR and Edna Taylor, his wife, Appellees.**

Supreme Court of Kentucky.

Jan. 23, 1976.

Harry M. Caudill, Whitesburg, for appellants.

Ronald G. Polly, Polly & Craft, Whitesburg, for appellees.

STERNBERG, Justice.

This is an action to establish a right to the use of a roadway, which is 10 to 12 feet wide and about 250 feet long, over the unenclosed, hilly woodlands of another. The claimed right to the use of the roadway is twofold: by prescription and by estoppel. Both issues are heatedly contested. The evidence is in conflict as to the nature and type of use that had been made of the roadway. The lower court determined that a right to the use of the roadway by prescription had not been established, but that it had been established by estoppel. The landowners, feeling themselves aggrieved, appeal. We will consider the two issues separately.

In *Grinestaff v. Grinestaff*, Ky., 318 S.W.2d 881 (1958), we said that an easement may be created by express written grant, by implication, by prescription, or by estoppel. It has long been the law of this commonwealth that "(a)n easement, such as a right of way, is created when the owner of a tenement to which the right is claimed to be appurtenant, or those under whom he claims title, have openly, peaceably, continuously, and under a claim of right adverse to the owner of the soil, and with his knowledge and acquiescence, used a way over the lands of another for as much as 15 years." *Flener v. Lawrence*, 187 Ky. 384, 220 S.W. 1041 (1920); *Rominger v. City Realty Company*, Ky., 324 S.W.2d 806 (1959).

■ In 1942 appellants purchased the subject property. In 1944 they gave permission for a haul road to be cut for the purpose of moving coal from a newly opened mine. The roadway was so used until 1949, when the mine closed. During that time the appellants were paid a royalty for the use of the road. In 1957 appellants built a tenant house on their property and the roadway was used by them and their tenant. The tenant house burned in 1961 and was not replaced. In 1964 the appellees bought their three-acre building site, which adjoins appellants, and the following year built their residence thereon. At all times prior to 1965, the use of the haul road was by permission of appellants. There is no evidence of any probative value which would indicate that the use of the haul road during that period of time was either adverse, continuous, or uninterrupted. The trial court was fully justified, therefore, in finding that the right to the use of this easement was not established by prescription.

As to the issue on estoppel, we have long recognized that a right to the use of a roadway over the lands of another may be established by estoppel. In *Lashley Telephone Co. v. Durbin*, 190 Ky. 792, 228 S.W. 423 (1921), we said:

"Though many courts hold that a licensee is conclusively presumed as a matter of law to know that a license is revocable at the pleasure of the licensor, and if he expend money in connection with his entry upon the land of the latter, he does so at his peril * * *, yet it is the established rule in this state that where a license is not a bare, naked right of entry, but includes the right to erect structures and acquire an interest in the land in the nature of an easement by the construction of improvements thereon, the licensor may not revoke the license and restore his premises to their former condition after the licensee has exercised the privilege given by the license and erected the improvements at considerable expense; * * *."

In *Gibbs v. Anderson*, 288 Ky. 488, 156 S.W.2d 876 (1941), Gibbs claimed the right, by estoppel, to the use of a roadway over the lands of Anderson. The lower court denied the claim. We reversed. Anderson's immediate predecessor in title admitted that he had discussed the passway with Gibbs before it was constructed and had agreed that it might be built through his land. He stood by and saw Gibbs expend considerable money in this construction. We applied the rule announced in *Lashley Telephone Co. v. Durbin*, supra, and reversed with directions that a judgment be

entered granting Gibbs the right to the use of the passway.

In *McCoy v. Hoffman*, Ky., 295 S.W.2d 560 (1956), the facts are that Hoffman had acquired the verbal consent of the landowner to build a passway over the lands of the owner to the state highway. Subsequently, the owner of the servient estate sold the property to McCoy, who at the time of the purchase was fully aware of the existence of the roadway and the use to which it was being put. McCoy challenged Hoffman's right to use the road. The lower court found that a right had been gained by prescription. In this court's consideration of the case, we affirmed, not on the theory of prescriptive right but on the basis that the owner of the servient estate was estopped. After announcing the rule for establishing a right by prescription, we went on to say:

" * * * On the other hand, the right of revocation of the license is subject to the qualification that where the licensee has exercised the privilege given him and erected improvements or made substantial expenditures on the faith or strength of the license, it becomes irrevocable and continues for so long a time as the nature of the license calls for. In effect, under this condition the license becomes in reality a grant through estoppel. * * *."

In *Akers v. Moore*, Ky., 309 S.W.2d 758 (1958), this court again considered the right to the use of a passway by estoppel. Akers and others had used the Moore branch as a public way of ingress and egress from their property. They sued Moore and others who owned property along the branch seeking to have the court recognize their right to the use of the roadway and to order the removal of obstructions which had been placed in the roadway. The trial court found that Akers and others had acquired a prescriptive right to the use of the portion of the road lying on the left side of the creek bed, but had not acquired the right to the use of so much of the road as lay on the right side of the creek bed. Consequently, an appeal and a cross-appeal were filed. Considering the right to the use of the strip of land between the right side of the creek bed and the highway, this court found that the evidence portrayed it very rough and apparently never improved, that it ran alongside the house in which one of the protestors lived, and that by acquiescence or by express consent of at least one of the protestors the right side of the roadway was opened up so as to change the roadway from its close proximity to the Moore residence. The relocated portion of the highway had only been used as a passway for about six years before the suit was filed. The trial court found that this section of the road had not been established as a public way by estoppel. We reversed. In doing so, we stated:

"We consider the fact that the appellees, Artie Moore, et al, had stood by and acquiesced in (if in fact they had not affirmatively consented) the change being made and permitted the appellants to spend money in fixing it up to make it passable and use it for six years without objecting. Of course, the element of time was not sufficient for the acquisition of the right of way by adverse possession. But the law recognizes that one may acquire a license to use a passway or roadway where, with the knowledge of the licensor, he has in the exercise of the privilege spent money in improving the way or for other purposes connected with its use on the faith or strength of the license. Under such conditions the license becomes irrevocable and continues for so long a time as its nature calls for. This, in effect, becomes a grant through estoppel. *Gibbs v. Anderson*, 288 Ky. 488, 156 S.W.2d 876; *McCoy v. Hoffman*, Ky., 295 S.W.2d 560. It would be unconscionable to permit the owners of this strip of land of trivial value to revoke the license by obstructing and preventing its use."

In the present case the roadway had been used since 1944 by permission of the owners of the servient estate. The evidence is conflicting as to whether the use of

the road subsequent to 1965 was by permission or by claim of right. Appellees contend that it had been used by them and others without the permission of appellants; on the other hand, it is contended by appellants that the use of the roadway at all times was by their permission. The evidence discloses that during the period of preparation for the construction of appellees' home and during the time the house was being built, appellees were permitted to use the roadway as ingress and egress for workmen, for hauling machinery and material to the building site, for construction of the dwelling, and for making improvements generally to the premises. Further, the evidence reflects that after construction of the residence, which cost $25,000, was completed, appellees continued to regularly use the roadway as they had been doing. Appellant J. S. Holbrook testified that in order for appellees to get up to their house he gave them permission to use and repair the roadway. They widened it, put in a culvert, and graveled part of it with "red dog", also known as cinders, at a cost of approximately $100. There is no other location over which a roadway could reasonably be built to provide an outlet for appellees.

No dispute had arisen between the parties at any time over the use of the roadway until the fall of 1970. Appellant J. S. Holbrook contends that he wanted to secure a writing from the appellees in order to relieve him from any responsibility for any damage that might happen to anyone on the subject road. On the other hand, Mrs. Holbrook testified that the writing was desired to avoid any claim which may be made by appellees of a right to the use of the roadway. Appellees testified that the writing was an effort to force them to purchase a small strip of land over which the roadway traversed, for the sum of $500. The dispute was not resolved and appellants erected a steel cable across the roadway to prevent its use and also constructed "no-trespassing" signs. Shortly thereafter, the suit was filed to require the removal of the obstruction and to declare the right of appellees to the use of the roadway without interference.

The use of the roadway by appellees to get to their home from the public highway, the use of the roadway to take in heavy equipment and material and supplies for construction of the residence, the general improvement of the premises, the maintenance of the roadway, and the construction by appellees of a $25,000 residence, all with the actual consent of appellants or at least with their tacit approval, clearly demonstrates the rule laid down in *Lashley Telephone Co. v. Durbin,* supra, that the license to use the subject roadway may not be revoked.

The evidence justifies the finding of the lower court that the right to the use of the roadway had been established by estoppel.

The judgment is affirmed.

All concur, except STEPHENSON, J., who dissents.