**PSP NORTH, LLC**

v.

**ATTYBOYS, LLC.**

**No. 2011–CA–001994–MR.**

Court of Appeals of Kentucky.

Jan. 18, 2013.

Stacey L. Graus, Jennifer H. Langen, Covington, KY, for appellant.

David M. Blank, John Mulvey, Covington, KY, for appellee.

Before NICKELL, TAYLOR, and VANMETER, Judges.

## OPINION

NICKELL, Judge:

PSP North, LLC, appeals from a summary judgment granted to Attyboys, LLC, by the Kenton Circuit Court. The circuit court determined Attyboys holds an irrevocable license to use a ramp that extends from its property onto the property of its neighbor, PSP. We affirm.

The ramp in question is located on two adjoining lots in Covington, Kentucky. One of the lots, located at 36 West Fifth Street, was originally owned by The Point/ARC of Northern Kentucky, Inc., an agency serving developmentally and physically disabled individuals. The neighboring lot, located at 38 West Fifth Street, was originally owned by Kenton County.

In 1991, the Kenton County Fiscal Court built an accessibility ramp to assist The Point's clients in entering and leaving the building at 36 West Fifth. The ramp is made of concrete and is approximately 29 inches high, 50 to 70 inches deep and 42 feet long. Over half of the ramp was built on Kenton County property, and the other end was affixed to the foundation of The

Point's property. The ramp was financed by a grant of $3,500.00 from the Fiscal Court and by donations of $20,000.00 The Point secured from the Cincinnati Foundation.

In 1999, The Point sold its property to Attyboys, LLC. Kenton County allowed Attyboys and the public to continue using the ramp. Attyboys also sought to acquire the neighboring Kenton County property. When a tentative purchase agreement fell through, Kenton County offered the property at public auction and it was eventually acquired by PSP North, LLC, in 2000.

After taking possession of the property, PSP demanded rent from Attyboys for continued use of the ramp. Attyboys refused. In 2002, PSP filed an action against Attyboys in Kenton Circuit Court, alleging trespass and seeking an injunction requiring removal of the ramp. Attyboys filed an answer and counterclaim, asserting various claims of trespass, nuisance and fraud, and sought an injunction prohibiting PSP from interfering with use of the ramp. The parties filed cross-motions for summary judgment. The trial court granted Attyboys' motion for summary judgment upon finding Attyboys had an irrevocable license to use the ramp granted to its predecessor-in-title, The Point, by the Kenton County Fiscal Court. The trial court enjoined PSP from interfering with use of the ramp. This appeal by PSP followed.

The standard of review on appeal of the grant of summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996) (citing Kentucky Rules of Civil Procedure (CR) 56.03).

"A license in respect to real property can be defined as a personal priv-ilege to do acts upon the land of the licensor of a temporary nature which are revocable at the will of the licensor." *E.M. Bailey Distributing Co., Inc. v. Conagra, Inc.,* 676 S.W.2d 770, 772 (Ky.1984). "However, an owner may be estopped to revoke the license when, with the knowledge of the owner, the licensee makes valuable improvements in reliance upon the continued existence of the license." *Bob's Ready To Wear, Inc. v. Weaver,* 569 S.W.2d 715, 720 (Ky.App.1978) (citing *Holbrook v. Taylor,* 532 S.W.2d 763 (Ky. 1976)).

> Though many courts hold that a licensee is conclusively presumed as a matter of law to know that a license is revocable at the pleasure of the licensor, and if he expend money in connection with his entry upon the land of the latter, he does so at his peril ..., yet it is the established rule in this state that where a license is not a bare, naked right of entry, but includes the right to erect structures and acquire an interest in the land in the nature of an easement by the construction of improvements thereon, the licensor may not revoke the license and restore his premises to their former condition after the licensee has exercised the privilege given by the license and erected the improvements at considerable expense[.]

*Holbrook v. Taylor,* 532 S.W.2d 763, 764 (Ky.1976) (quoting *Lashley Telephone Co. v. Durbin,* 190 Ky. 792, 228 S.W. 423 (1921)).

As a matter of law, the license granted by Kenton County to The Point was irrevocable. This point is not seriously disputed by PSP. The Point raised considerable funds to assist the County in financing construction of the ramp, and relied on the ramp to enable its disabled clients to access its building.

However, even if the license granted by Kenton County to The Point was irrevocable, PSP argues the irrevocability of a license does not run with the land so as to bind successors-in-interest. It further contends Attyboys continues to trespass on its property by using the ramp without PSP's permission.

■ According to the facts in the record, Kenton County allowed Attyboys' personnel and the general public to continue using the ramp after Attyboys acquired the property from The Point. Attyboys, relying on Kenton County's permission to use the ramp, incurred substantial cost in designing the layout of its building around use of the ramp. Even though Kenton County indicated in sale documents that the ramp could be removed by subsequent purchasers, it nonetheless allowed Attyboys to make improvements in reliance on continued existence of and access to the ramp. Thus, the license was irrevocable as to Kenton County and Attyboys.

■ The crucial issue then is whether PSP, as successor-in-interest, had the right to revoke the license upon acquiring the property from Kenton County. PSP has cited an unpublished case, *McGregor v. Alvey*, 2003 WL 1786460 (Ky.App.2003), in which this Court held a license to use a laneway did not pass with the land because no valuable improvements had been made to the subject property by the licensees since the successor-in-title to the licensor took the property. *McGregor* is factually distinguishable, however, because the successors-in-title to the licensor purchased the property without knowing the licensees used it as a means of ingress and egress to their property. By contrast, there is no dispute PSP had notice of the existence of a large ramp extending onto PSP's property for over half its length and affixed to Attyboys' building. In its grant of summary judgment to Attyboys, the Kenton

Circuit Court noted construction of the ramp by the Kenton County Fiscal Court and its attachment to The Point's (now Attyboys') property was intended to be a permanent fixture to provide access for persons with disabilities, and further observed that PSP purchased the real estate with full knowledge and notice the ramp partially encroached on its property.

While there is no Kentucky case squarely on point, our courts have held irrevocability of a license does not run with the land to which a license applies, but passes, if at all, by equitable principles to the subsequent owner. *Loid v. Kell*, 844 S.W.2d 428, 430 (Ky.App.1992) (citing *Holbrook v. Taylor*, 532 S.W.2d 763 (Ky. 1976)). Today we extend *Loid* to hold that PSP, being the successor-in-interest to Kenton County, and having had notice of the irrevocable license held by Attyboys prior to purchasing the property, was barred by equitable principles from revoking Attyboys' license.

Our holding does not break new ground, but is entirely consistent with cases from other states including: *Blackburn v. Lefebvre*, 976 So.2d 482, 494 (Ala.Civ.App. 2007); *Morning Call, Inc. v. Bell Atlantic–Pennsylvania, Inc.*, 761 A.2d 139, 141 (Pa.Super.2000); and *Tatum v. Dance*, 605 So.2d 110, 112 (Fla.App. 5 Dist.1992), all of which state in some form or fashion:

> a license which, because of its being executed, is irrevocable against the licensor, is also irrevocable as against a purchaser from the licensor with notice unless the licensee is by his or her own acts estopped to assert such irrevocability.

53 C.J.S. Licenses § 144 (2005) (footnotes omitted). Applying this principle to the facts at hand, PSP, being Kenton County's successor-in-interest, and having had notice of the irrevocable license held by Atty-

boys prior to purchasing the property, was barred from revoking the license. Therefore, the grant of summary judgment is AFFIRMED.

ALL CONCUR.